In re Herbert **DABOUL**, Debtor.

Linda Rivkin **KLEINER**, Plaintiff,

v.

Herbert **DABOUL**, Defendant.

Bankruptcy No. 87–40004–JFQ.
Adv. No. 87–4033.

United States Bankruptcy Court,
D. Mass.

April 21, 1988.

Victor Milione, Widett, Glazier & McCarthy, Boston, Mass., for Herbert Daboul.

Leon Aronson, Aronson & Goldstein, Quincy, Mass., for Linda Rivkin Kleiner.

## OPINION

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

This is a complaint to have a debt represented by a state court judgment declared nondischargeable under 11 U.S.C. § 523(a)(2)(A) as a "debt for money ... obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's ... financial condition." We grant plaintiff's motion for summary judgment. Under the doctrine of collateral estoppel, or issue preclusion, the state court judgment precludes the Debtor from denying that the debt is of the type encompassed by § 523(a)(2)(A). We set forth our reasons in some detail because the decisions are in conflict on the application of issue preclusion in these circumstances, primarily as the result of burden of proof considerations.

The Plaintiff's complaint in state court contained a count entitled "Fraud" which alleged in substance the following: that the parties made an agreement whereby the Debtor was to assign to the Plaintiff the Debtor's lease of a 1983 Mercedes Benz 380 SL convertible; that the Plaintiff paid him $2,500 for the assignment, plus $2,500 more for equipment on the car; that the Plaintiff paid the lease charges pursuant to her agreement with the Debtor for several months thereafter; that the Debtor made no attempt to assign the lease and did not have the legal authority to do so without the consent of the leasing company; that upon learning of the Debtor's lack of authority the Plaintiff stopped making the monthly lease payments, whereupon the Debtor repossessed the vehicle; that the Debtor misrepresented his right to assign the lease despite knowing that he had no such right without the lessor's permission; that when the Debtor promised to assign the lease he had no intention to do so; that the right to assign the lease and the Debtor's intention to fulfill his promise to assign were material facts; and that misrepresentations of such right and intention were relied upon by the Plaintiff and were made by the Debtor with the intention that the Plaintiff rely upon them.

The case was tried before a jury which returned a verdict for the Plaintiff on the fraud count in the sum of $18,000. The court entered judgment for $22,350, which included interest of $4,350. The Plaintiff thereafter sought to enforce an attachment on real estate of the Debtor which she had previously obtained. This bankruptcy case ensued.

## I. ISSUE PRECLUSION IN BANKRUPTCY

In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court held that a prior judgment is not *res judicata* in bankruptcy on the question of dischargeability. The court reasoned that considerations concerning discharge are foreign to the prior proceeding, that there is often little incentive in such proceedings for the parties to litigate factors relevant to bankruptcy discharge, and that giving finality to the prior judgment would undercut Congress's intention

under the 1970 amendments to the former Bankruptcy Act to commit dischargeability issues exclusively to bankruptcy courts. The Court expressly left open, however, the question of whether a prior judgment can have issue preclusive effect in a later bankruptcy dischargeability proceeding. 442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10.

The Court of Appeals of this circuit has not passed on the question of issue preclusion in bankruptcy. *See Massachusetts v. Hale,* 618 F.2d 143, 146 (1st Cir 1980) (avoiding question). In *Stern v. Dubian (In re Dubian),* 77 B.R. 332 (Bankr.D. Mass.1987), this Court concluded that issue preclusion is generally available in dischargeability proceedings. We based our decision there on three grounds: (1) most, but not all, of the circuits that have considered the matter have concluded that a prior judgment is issue preclusive on dischargeability of a debt in bankruptcy provided that traditional tests for preclusion are met; (2) general policies of furtherance of judicial economy, reliance on judicial decisions, final resolution of disputes, and the strengthening of the relationship between state and federal courts all weigh in favor of bankruptcy courts giving issue preclusive effect to prior state court determinations; and (3) issue preclusion is not inconsistent with the exclusive jurisdiction of bankruptcy courts in dischargeability proceedings. *Dubian,* 77 B.R. at 334–35. For the same reasons as we outlined in *Dubian,* we hold that issue preclusion is appropriate in a § 523(a)(2)(A) proceeding if the traditional tests for preclusion are met. We also note that a district court for the District of Massachusetts recently upheld the use of issue preclusion in a § 523(a)(4) proceeding, which involves debts due to defalcation or fraud in a fiduciary capacity. *Kwiat v. Doucette,* 81 B.R. 184 (D.Mass. 1987).

## II. APPLICATION OF ISSUE PRECLUSION IN THIS CASE

### A. *Burden of Proof*

■ Issue preclusion is improper if the party against whom preclusion is sought had a burden of proof in the initial action which is significantly heavier than his burden in the present action. *Restatement (Second) of Judgments* § 28(4) (1982); *See Henderson v. D'Annolfo (In re D'Annolfo),* 54 B.R. 887, 889 (Bankr.D.Mass.1985). We conclude that the plaintiff's burden is the same as the burden she was required to sustain in state court.

■ Massachusetts requires that the plaintiff in all civil proceedings, including those involving allegations of fraud, prove his case only by a fair preponderance of the evidence. *See Callahan v. The Fleischman Co.,* 262 Mass. 437, 160 N.E. 249 (1928); *Grella v. Lewis Wharf Co.,* 211 Mass. 54, 97 N.E. 745 (1912). Massachusetts eschews any intermediate standard of proof in most civil cases. *See In re Mayberry,* 295 Mass. 155, 167, 3 N.E.2d 248, 253 (1936) (terms such as "clear and convincing" and "not of doubtful character" are helpful in emphasizing a careful approach to the decision of certain important issues, but are "too vague to serve generally as a practical guide in the trial of cases"). The judge's charge in the state proceeding here affirmed this standard.

In dischargeability cases involving misrepresentation or fraud under § 523(a)(2) and its predecessor, federal courts are divided on a plaintiff's required burden of proof. Many require proof by clear and convincing evidence. *See, e.g., Caspers v. Van Horne (In re Van Horne),* 823 F.2d 1285, 1287 (8th Cir.1987); *In re Bogstad,* 779 F.2d 370, 372 (7th Cir.1985); *Martin v. Bank of Germantown (In re Martin),* 761 F.2d 1163, 1165 (6th Cir.1985); *Cement National Bank v. Colasante (In re Colasante),* 12 B.R. 635, 639 (E.D.Pa.1981); *Brown v. Buchanan (In re Brown),* 419 F.Supp. 199 (E.D.Va.1975); *Lesperance v. Kirst (In re Kirst),* 37 B.R. 275, 279 (Bankr.E.D.Wis.1983); *Harb v. Toscano (In re Toscano),* 23 B.R. 736, 741 (Bankr.D. Mass.1982); *Peoples Security Finance, Inc. v. Aldrich (In re Aldrich),* 16 B.R. 825, 828 (Bankr.W.D.Ky.1982); *Long v. Trewyn (In re Trewyn),* 12 B.R. 543, 545–46 (Bankr.W.D.Wis.1981); *Kuehne v. Huff (In re Huff),* 1 B.R. 354 (Bankr.D. Utah 1979); *In re Barlick,* 1 Bankr.Ct.Dec.

(CRR) 412 (Bankr.D.R.I.1974). In those decisions which discuss the question, there appear to be three different rationales for requiring proof under § 523(a)(2) or its predecessor by clear and convincing evidence. Some courts have done so because they believe that this is the traditional standard of proof in fraud cases outside of bankruptcy as the result of a presumption of honesty. *See, e.g., Long v. Trewyn (In re Trewyn)*, 12 B.R. 543, 545 (Bankr.W.D. Wis.1981); *Kuehne v. Huff (In re Huff)*, 1 B.R. 354, 357 (Bankr.D.Utah 1979). Other courts seem to impose the requirement because of the belief that exceptions to discharge should be construed strictly against the creditor and liberally in favor of the debtor. *See, e.g., Lesperance v. Kirst (In re Kirst)*, 37 B.R. 275, 279 (Bankr.E.D.Wis. 1983); *Peoples Security Finance, Inc. v. Aldrich (In re Aldrich)*, 16 B.R. 825, 828 (Bankr.W.D.Ky.1982). In an early and frequently cited decision, one bankruptcy court imposed the stricter requirement in part out of concern for the difference in the bargaining power of debtor and creditor. *See In re Barlick*, 1 Bankr.Ct.Dec. (CRR) 412, 418 (Bankr.D.R.I.1974). *See generally* Ferriell, *The Preclusive Effect of State Court Decisions in Bankruptcy*, 58 Am. Bankr.L.J. 348 (1984).

A number of other courts, however, emphasize the absence of any express requirement in the statute for a "clear and convincing" standard of proof. These courts require only that the creditor establish misrepresentation or fraud under § 523(a)(2) or its predecessor by a fair preponderance of the evidence. *See, e.g., Sweet v. Ritter Finance Co.*, 263 F.Supp. 540, 543 (W.D. Va.1967); *McReynolds. v. Carr (In re Carr)*, 49 B.R. 208, 210 (Bankr.W.D.Ky. 1985); *de Bottari v. Baiata (In re Baiata)*, 12 B.R. 813, 817 (Bankr.E.D.N.Y.1981) (standard of proof in *all* dischargeability proceedings is a fair preponderance of the evidence). *See also Francis v. Riso (In re Riso)*, 74 B.R. 750, 757 (Bankr.D.N.H.1987) (concluding in a § 727(a)(2) proceeding that proper standard of proof in fraud situations is a preponderance standard). A district court in this district has also questioned the appropriateness of a higher standard of proof in dischargeability litigation, albeit in a § 523(a)(4) proceeding. *See Kwiat v. Doucette*, 81 B.R. 184, 189–90 & nn. 12 & 13 (D.Mass.1987).

The decisions of courts of appeal previously cited pronouncing a clear and convincing standard under § 523(a)(2) have done so outside of the context of issue preclusion and in circumstances where the pronouncement was not necessary to the decision. Only one court of appeals has been called upon to decide the proper burden of proof in a dischargeability case involving issue preclusion where a delineation of the burden of proof is crucial. In *Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988), the court addressed issue preclusion in the context of § 523(a)(6), which excepts from discharge debts for willful and malicious injury. In affirming the lower courts' use of collateral estoppel to grant summary judgment to the creditor, the Fourth Circuit ruled that the proper burden of proof in the § 523(a)(6) action was one of a preponderance of the evidence rather than clear and convincing evidence. It is significant that the court did not limit its rejection of a higher standard of proof to proceedings under § 523(a)(6). The court noted that: "The Bankruptcy Code is silent as to the standard of proof necessary to establish the exceptions to discharge in § 523. In the face of this silence, courts may not imply a higher standard than the preponderance standard normally applied in civil proceedings." 838 F.2d at 116. The court also observed that although the Code's "fresh start" policy required the bankruptcy court to carefully determine that the prerequisites for issue preclusion have been fully satisfied before applying the doctrine, the policy did not "justify judicial imposition of a heavier burden of proof on creditors...." *Id.*

We believe that the Fourth Circuit's analysis has equal application to § 523(a)(2) cases, and conclude that the proper burden of proof under § 523(a)(2)(A) is one of preponderance of the evidence. In *Brown v. Buchanan (In re Brown)*, 419 F.Supp. 199 (E.D.Va.1975), one of the cases frequently cited by courts adopting the "clear and

convincing" standard, the court relies on several federal cases holding that fraud must be proved by clear and convincing evidence. 419 F.Supp. at 202–03. The cases relied on by the court in *Brown*, however, either state the proposition as a generally accepted principle or refer to a specific state's law. It is by no means generally accepted among the states that fraud must be proved according to a "clear and convincing" standard; many states, like Massachusetts, use a preponderance of the evidence standard for fraud in accordance with the general standard of proof in civil cases. *See* Ferriell, *The Preclusive Effect of State Court Decisions in Bankruptcy*, 58 Am.Bankr.L.J. 349, 362–63 & nn. 83 & 85 (1984); 37 Am.Jur.2d, *Fraud & Deceit*, § 468 (1968 & Supp.1987). Variations in the wording of the burden of the burden of proof, moreover, are pure abstractions unsuited to the realities of decisionmaking. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 272, 106 S.Ct. 2505, 2522, 91 L.Ed.2d 202 (1986) (Rehnquist, J., dissenting), where Justice Rehnquist in dissent suggests that the truth of how various standards of proof affect decision-making may well be unknowable. Perhaps the most important reason for rejecting a clear and convincing standard, however, is the obstacle it presents to issue preclusion. Where the bankruptcy court sits in a state such as Massachusetts, which requires only a preponderance of evidence for fraud, a clear and convincing standard under § 523(a)(2)(A) would require a second trial of the issue of intent, which to our mind is an unnecessary exercise of judicial machinery.

### B. *Preclusion on Issue of Intentional Misrepresentation*

Four requirements must be met in order that a prior judgment have preclusive effect upon a pending factual issue:

(1) The issue sought to be precluded must be the same issue as that involved in the prior action;

(2) That issue must have been actually litigated;

(3) It must have been determined by a valid and binding judgment; and

(4) The determination must have been essential to the judgment.

*Lombard v. Axtens (In re Lombard)*, 739 F.2d 499, 502 (10th Cir.1984); *Spilman v. Hartley*, 656 F.2d 224, 228 (6th Cir.1981); *In re Ross*, 602 F.2d 604, 608 (3rd Cir.1979); *see Restatement (Second) of Judgments* § 27 (1982).

The Debtor argues that the issue of intentional misrepresentation was not litigated in the state court proceedings, and that resolution of this issue is vital in the present case. We agree that in dischargeability proceedings under § 523(a)(2)(A), as under § 17(a)(2) of the prior Act, the misrepresentation must be intentionally made in order for the debt to be excepted from discharge. *Massachusetts v. Hale*, 618 F.2d 143, 147 (1st Cir.1980); 3 *Collier on Bankruptcy* ¶ 523.08[4] (15th ed.1988). We do not agree, however, that the issue of intentional misrepresentation was not litigated and resolved in the state court action. The complaint alleged, and the answer denied, two intentional misrepresentations: that the Debtor had the right to assign the lease and that the Debtor intended to assign the lease. The court's charge to the jury on the misrepresentation issue used the word "fraud" three times. The word connotes intentional misrepresentation. *See Black's Law Dictionary* 594 (5th ed. 1979). Clearly, the requirement of *scienter* was placed before the jury as an essential element under the fraud count. The verdict in the Plaintiff's favor on that count shows that the jury resolved the issue against the Debtor. Whether there was sufficient evidence for the jury to do so is not relevant to our present inquiry.

A separate judgment has issued denying dischargeability.