**In re Samuel BRAEN, Jr., Debtor.**

**Nicholas LAGANELLA and P.T. & L. Construction Co., Inc., Plaintiffs,**

v.

**Samuel BRAEN, Jr., Defendant.**

**Bankruptcy No. 86–06241.
Adv. No. 86–0601.**

United States Bankruptcy Court,
D. New Jersey.

June 21, 1988.

See also, 72 B.R. 56.

Klein, Chapman, Greenberg, Henkoff & Siegel by Herbert C. Klein, for plaintiffs.

Podvey, Sachs, Meanor & Catenacci by H. Curtis Meanor, for debtor/defendant.

## OPINION

WILLIAM F. TUOHEY, Bankruptcy Judge.

This matter comes before the Court upon a motion for summary judgment filed by plaintiff, Nicholas Laganella and P.T. & L. Construction Co., Inc., asserting the judgment entered in the state court of New Jersey against the debtor/defendant is nondischargeable pursuant to Bankruptcy Section 523(a)(6) of the United States Bankruptcy Code. An action raising the dischargeability of a particular debt is a core proceeding pursuant to 28 U.S.Code § 157(b)(2)(I).

The following facts are not in dispute between the parties.

1. On February 25, 1980, plaintiffs herein, Nicholas Laganella and P.T. & L. Construction Co., Inc., filed a complaint in the Superior Court of the State of New Jersey, Law Division, wherein debtor, Samuel Braen, Jr., was one of several defendants.

2. The aforesaid state court complaint stated that sometime prior to 1975 the defendant, Samuel Braen, Jr., did maliciously and without probable cause instigate and proximately caused the plaintiff Laganella to be indicted in certain state criminal proceedings. (State court complaint attached to plaintiff's moving papers as exhibit # 1.)

3. The state court litigation charged the defendant with giving false information to the Division of Criminal Justice of the State of New Jersey that resulted in indictments against Mr. Laganella and the corporate plaintiff. Said indictments were grounded in a bid-rigging conspiracy, and said indictments resulted in the ban of Laganella and P.T. & L. from the rolls of approved contractors for performing any state construction work within the State of New Jersey. It is undisputed that Laga-

nella and P.T. & L. were acquitted of the criminal charges by a jury in 1979.

4. The malicious prosecution complaint was tried in November, 1983, before a jury of six.

5. After the plaintiffs and defendants had presented their case to the jury in the state court proceeding, the trial judge charged the jury solely on the issue of malicious prosecution.

6. After the judge's charge the jury was given special interrogatories by the court. The following is a summary of said jury interrogatories which have been submitted to this Court as exhibit # 3 attached to plaintiff's moving papers:

1. Do you find that Plaintiff has proved by a preponderance of the evidence that the named Defendants acted to bring about or were responsible for the institution of underlying criminal proceeding against Plaintiff, Nicholas Laganella?

Answer: As to Sam Braen, Jr., yes.

2. Do you find that Plaintiff has proved by a preponderance of the evidence that there was a lack of reasonable or probable cause for the criminal prosecution?

Answer: As to Samuel Braen, Jr., yes.

3. Do you find that Plaintiff has proved by a preponderance of the evidence that the Defendant/Defendants was/were activated by a malicious motive in prosecuting the criminal complaint against Plaintiff.

Answer: As to Sam Braen, Jr., yes.

.     .     .     .     .

5. Do you find that the Defendant has proved by a preponderance of the evidence that the Defendant/Defendants truthfully communicated to his attorney all of the material facts of the case and then relied upon the advices of his attorney to institute the criminal prosecution against the plaintiff?

Answer: As to Sam Braen, Jr., no.

7. In accordance with the unanimous verdict of the jury rendered in the said state court proceeding, plaintiffs Laganella and P.T. & L. Construction were awarded

compensatory damages of $10,000,175.00 and punitive damages of $150,000.00.

8. On March 19, 1984, a notice of appeal was filed by the debtor/defendant Braen with the New Jersey Appellate Division.

9. On October 9, 1985, the Appellate Division of the State of New Jersey affirmed the jury verdict in favor of Laganella, et al.

10. On September 8, 1986, a petition for certification filed by Braen was denied by the New Jersey Supreme Court.

11. On October 8, 1986, Samuel Braen, Jr. filed a voluntary Chapter 11 bankruptcy petition before this Court.

12. The pending summary judgment motion before the Bankruptcy Court seeks an order directing the debtor/defendant, Samuel Braen, Jr., to pay to plaintiffs the aforesaid judgments with accrued interest totalling $13,773,550.00 plus continuing to accrue interest and costs.

## CONCLUSIONS OF LAW

Plaintiffs for their part assert that the debtor is collaterally estopped from seeking to re-litigate the issues of whether the debtor's tortious conduct falls within the parameters of 11 U.S.C. § 523(a)(6) which deals with dischargeability of debts for intentional torts. Defendant/debtor for his part asserts that the plaintiffs may not invoke the doctrine of collateral estoppel, because they cannot establish the requisite elements as defined by the Bankruptcy Code and relevant decisional law. In particular, the debtor argues that the state court jury verdict was based on an evidentiary test grounded in the principle of a preponderance of the evidence rather than a clear and convincing test as the debtor would assert is required under the provisions of the Bankruptcy Code. Debtor further states that the state court's jury finding of "malicious motive" differs from the definition of "willful and malicious" as found in the Bankruptcy Code, particularly § 523(a)(6).[1]

1. In addition to the above legal arguments centering around the issue of burden of proof, the

debtor also asks this Court to review the jury charge at the time of trial and further to take

The founding fathers at the very inception of our judicial system noted that the integrity of the state judicial systems was to be preserved and protected and that the creation of a federal court system was not to override inherent authority of a state judiciary. In this context, Section 34 of the Federal Judiciary Act of September 24, 1789, provides:

> The laws of the several states, except where a constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply.

While there evolved in the early days of our judicial history a body of federal common law, said concept was expressly overruled in the case of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Justice Brandeis, in delivering the opinion of the Court in *Erie*, noted at page 78, 58 S.Ct. at page 822:

> Except in matters governed by the federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state should be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal, general, common law.

The concept of applying the law of the various states unless the matter is expressly governed by the federal Constitution or an act of Congress has continued down to the present. The more recent case of *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) finds the Court stating:

> Property rights are created and defined by state law. Unless some federal inter-

est requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.

■ The issue as to the position of the burden of proof in a law suit is a substantive matter not a procedural matter, and the rule of the state forum governs. *Firemen's Fund v. Videfreeze Corp.*, 540 F.2d 1171 (3rd Cir.1976); *cert. denied* 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977). Congress, through the authority expressly delegated to it in Article I, Section 8, Paragraph 4 of the United States Constitution, has the right to enact uniform bankruptcy laws. Those laws insofar as they deal with the rights of a debtor and a creditor and regulate the administration of a debtor's estate are paramount and take precedence over conflicting state laws. *Butner v. United States, supra.* However, in the absence of express provisions within the Bankruptcy Code, the bankruptcy courts should look to state law for the regulation of basic property rights. Burden of proof in a bankruptcy proceeding is a matter of substantive law and covered by the general rule that questions of substantive law in connection with the handling and allowance of claims in a bankruptcy are governed by state law. *Norwalk Tire & Rubber Co.*, 100 F.Supp. 706 (D.C.Conn.1951).

In passing Bankruptcy Code Section 523(a)(6), Congress has mandated certain exceptions to the basic discharge provisions of the Bankruptcy Code. Section 523(a)(6) provides that a discharge does not discharge an individual debtor from any debt arising from willful and malicious injury by the debtor to another entity or the property of another entity.

---

into consideration certain personal health problems of the debtor which it is asserted deprived the debtor of his right to participate fully in the trial proceeding; in addition, debtor attacks the competence of his state court trial counsel. All of the aforesaid issues were properly raised in the Appellate Division of the State Court and in Braen's petition to the Supreme Court of New Jersey and should not be considered by this Court. The opinion of the Appellate Division is attached to plaintiff's moving papers. In addi-

tion, we note that Braen's petition for certification to the New Jersey Supreme Court was denied by said appellate tribunal. It is not the function of the Bankruptcy Court to reopen and reexamine conduct of the trial court. The review of the Bankruptcy Court is limited to those issues arising under the concept of collateral estoppel and those issues flowing from the issue of burden of proof and the applicability of the relevant sections of the United States Bankruptcy Code.

There is a split in the bankruptcy court decisions arising under the dischargeability sections of the Code, particularly on the issue of the plaintiff's burden of proof. New Jersey, it is agreed by the parties, provides that a malicious prosecution complaint in the state court is controlled by the doctrine that the plaintiff must prove its allegations by a fair preponderance of the evidence. The parties before this Court in the matter *sub judice* concede that that was the burden of proof met by Laganella in the Superior Court of New Jersey, and there is a concomitant line of bankruptcy cases holding that under Bankruptcy Code Section 523(a)(2) the plaintiff/creditor seeking to have its debt held to be nondischargeable has the same fair preponderance of the evidence burden. *Sweet v. Ritter Finance Co.*, 263 F.Supp. 540 (W.D. Va.1967); *In re Carr*, 49 B.R. 208 (Bankr. W.D.Ky.1985); *In re Baiata*, 12 B.R. 813 (Bankr.E.D.N.Y.1981).

However, there is another distinct line of cases which hold that the plaintiff in a nondischargeability action arising under 523 has the burden of demonstrating the actions of the debtor by clear and convincing evidence. *In re Van Horne*, 823 F.2d 1285 (8th Cir.1987); *Bogstad*, 779 F.2d 370 (7th Cir.1985); *In re Martin*, 761 F.2d 1163 (6th Cir.1985); *In re Colasante*, 12 B.R. 635 (E.D.Pa.1981).

Bankruptcy Judge Queenan, in a recent opinion, *In re Daboul*, 85 B.R. 197, 17 B.C.D. 660 (Bankr.1988), had occasion to analyze the aforesaid split in the bankruptcy court decisions. As Judge Queenan noted and as further noted by this Court's research, only one court of appeals has decided the issue of the burden of proof in a nondischargeability format involving issue preclusion where a delineation of the burden of proof is crucial. *Daboul, supra*, 85 B.R. 197, 17 B.C.D. at 662. In that decision, *Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988), the Fourth Circuit came down on the side of preponderance of the evidence as opposed to clear and convincing. In *Combs, supra*, the Fourth Circuit expressly noted:

The Bankruptcy Code is silent as to the standard of proof necessary to establish the exceptions to discharge in § 523. In the face of this silence, courts may not imply a higher standard than the preponderance standard normally applied in civil proceedings. 838 F.2d at 116.

Thus, the *Combs* Court has found that there is a complete absence in the Bankruptcy Code of any standard of proof dealing with nondischargeability. The Fourth Circuit concluded from this that we should then look to state law. Said logic is certainly in conformance with the long standing procedures commencing in *Erie v. Tompkins*, supra, and running through *Butner v. United States, supra.*

The doctrine of collateral estoppel applies in the bankruptcy court. *Matter of Ross*, 602 F.2d 604 (3rd Cir.1979). The Third Circuit in *Ross, supra*, has set forth the criteria which must be satisfied in order for the doctrine of collateral estoppel to apply:

1. The issues sought to be precluded from a second trial must be the same as that involved in the prior action;

2. the issue must have been actually litigated in the first proceeding;

3. the issue must have been determined by a valid and final judgment; and

4. the determination at issue must have been essential to the judgment in the first proceeding.

*Ross, supra*, at 607, 608.

It is noted that the Third Circuit decision in *Ross, supra*, is based upon the United States Supreme Court decision in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Specifically, the *Felsen* Court held at 99 S.Ct. 2213, n. 10:

If, in the course of adjudicating a state law question, a state court should determine factual issues using standards identical to those of § 17 [of the Bankruptcy Act now Section 523], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

The state court action involving the parties before this Court arose from a complaint asserting the tort of malicious prose-

cution. One of the essential elements of the tort of malicious prosecution in the State of New Jersey is a malicious act with resultant damage. *Mayflower Industries v. Thor Corp.*, 15 N.J.Super. 139, 83 A.2d 246 (Ch.Div.1951), *affirmed,* 9 N.J. 605, 89 A.2d 242 (1952).

The trial judge in *Mayflower, supra,* was then state court Judge Francis (future Supreme Court Justice Francis). The term malice is defined by the *Mayflower* trial court as follows:

Malice in this connection means the intentional commission of a wrongful act without just cause or excuse.

*Mayflower, supra,* 15 N.J.Super. at 152, 83 A.2d 246.

I find that Laganella, as the plaintiff in the superior court action tried to conclusion in the State of New Jersey, had the burden of establishing the tort of malicious prosecution as outlined in the case of *Mayflower Industries v. Thor Corp., supra,* and that said tort comports with the definition in the United States Bankruptcy Code as set forth in Section 523(a)(6) which defines certain actions as nondischargeable actions. In summary, the same issue was tried to conclusion by a court of competent jurisdiction based upon the same statutory definition and the same burden of proof that is before this Court. Hence, this Court, under the doctrine of collateral estoppel as defined *In the Matter of Ross,* 602 F.2d 604 (3rd Cir.1979) should enforce the prior judgment of the state courts of New Jersey.

Summary judgment procedure is a method for properly disposing of actions in which there is no genuine issue as to any material fact. Summary judgment is provided for in Federal Rule of Civil Procedure 56. Bankruptcy Rule 7056 specifically provides that F.R.C.P. 56 applies in adversary proceedings in bankruptcy. The test in applying the motion is whether the pleadings, depositions, interrogatories and affidavits submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 N.J. 67, 110 A.2d 24 (1954); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Based upon this Court's review of the record presented in support of and in opposition to the motion for summary judgment, this Court concludes that there is no remaining dispute as to any genuine issue between the parties based upon the doctrine of collateral estoppel. The debtor herein had a full trial over several weeks in the Superior Court of New Jersey and has exhausted his appeals to the Appellate Division and the Supreme Court of the State of New Jersey. Said exhaustive legal battle centered on the question as to whether the debtor had acted willfully and maliciously toward the plaintiff herein. Said issue having been resolved, the debtor cannot not now obtain a second trial within the context of this bankruptcy proceeding. Summary judgment is granted in favor of the plaintiff; the judgment entered in favor of Nicholas Laganella and P.T. & L. Construction Co., Inc. in the Superior Court of the State of New Jersey is nondischargeable pursuant to Bankruptcy Code Section 523(a)(6).