400 So.2d 842 (1981)
SUN STATE ROOFING CO., INC., Appellant,
v.
COTTON STATES MUTUAL INSURANCE CO., Appellee.
No. 80-1982.
District Court of Appeal of Florida, Second District.
July 8, 1981.
*843 D. Russell Stahl, Tampa, for appellant.
Irving G. Lawrence and Eddy R. Resnick, of Lawrence & Gold, P.A., Tampa, for appellee.
DANAHY, Judge.
Jimmy Harris was the sole stockholder in Sun State Roofing Co., Inc. (Sun State), which enjoyed the gratuitous use of approximately one-third of a building owned by Jimmy Harris and his wife Eleanor. A fire insurance policy issued to Sun State by Cotton States Mutual Insurance Company (Cotton States) provided $10,000 of coverage on the building used by Sun State, and $5,000 of coverage on the contents owned by Sun State. The building and the contents were damaged or destroyed by fire and Cotton States denied Sun State's claim for benefits under the policy.
Sun State filed suit to enforce the insurance contract, and in its amended complaint alleged that $10,000 of contents owned by it had been damaged or destroyed by the fire. Sun State further alleged that the fire damaged or destroyed the building in which Sun State had an insurable interest in excess of $10,000.
The Harrises had purchased a fire insurance policy on the same building from North River Insurance Company (North River). After the fire, North River denied the Harrises' claim and the Harrises brought an action to enforce that contract. The case was tried before a jury and a general verdict was entered in favor of North River.
In the instant case, after filing an answer and affirmative defenses, Cotton States moved for summary judgment. In support of the motion Cotton States alleged that Sun State did not have an insurable interest in the premises and that Sun State was estopped by the verdict against the Harrises from relitigating questions decided in the North River case. The trial court agreed and entered the summary judgment.
On appeal Sun State contends that it had an insurable interest in the property and that the verdict in favor of North River did not bar this action. We agree and reverse.
A trial court should not hesitate to grant a summary judgment in an appropriate case; however, it must be remembered that the burden is on the moving party to demonstrate conclusively that the opposing party cannot prevail. Therefore, if the record reveals the existence of any genuine issue of material fact, or the possibility of any such issue, or if the record raises even the slightest doubt that an issue might exist, a motion for summary judgment must be denied. Snyder v. Cheezem Development Corp., 373 So.2d 719 (Fla. 2d DCA 1979).
*844 In the case at bar, the court concluded that the prior decision against the Harrises collaterally estopped Sun State from recovery. When a party relies upon the defense of collateral estoppel or estoppel by judgment he must demonstrate that the issue to be barred from relitigation was determined in a previous suit. Allstate Insurance Co. v. A.D.H., Inc., 397 So.2d 928 (Fla. 3d DCA 1981). The conclusion that Sun State's entire cause of action was barred by the verdict in favor of North River thus required a demonstration by Cotton States that an issue actually decided in the prior case precluded Sun State from being successful in this case. In an attempt to satisfy its burden, Cotton States alleged that the issues presented to the jury in the North River case were (1) whether the Harrises intentionally started the fire; (2) whether the Harrises wilfully concealed facts concerning the building's use from North River; and (3) whether the Harrises materially increased the risk of fire by altering the use of the building without the knowledge of North River.
Because the jury returned a general verdict in favor of North River, it is impossible to determine which theory the jury relied on in denying coverage. The jury might have returned their verdict in favor of North River because they found that the Harrises altered the use of the building without North River's knowledge, or because the Harrises concealed facts concerning the use of the building from North River. Obviously, neither of these reasons for denying coverage precluded Sun State from recovering under its contract with Cotton States. Because that is so, we hold that the trial court erred in concluding that Sun State's action was barred by collateral estoppel.
In granting the motion for summary judgment the court also found that Sun State did not have an insurable interest in the damaged property. Section 627.405(2), Florida Statutes (1979), defines insurable interest as:
[A]ny actual, lawful, and substantial economic interest in the safety or preservation of the subject of insurance free from loss, destruction, or pecuniary damage or impairment.
Under this definition, the owner of property unquestionably has an insurable interest in that property. Here, Sun State's allegation that the fire destroyed over $10,000 of its personal property was not contested. Therefore, the trial court erred when it found that Sun State's entire cause of action failed for lack of an insurable interest.
A more difficult question is whether Sun State's gratuitous use of one-third of the destroyed building constituted an insurable interest. The definition of insurable interest appears to include the gratuitous use of a building. Certainly, it cannot be said as a matter of law that the rent-free use of a building does not constitute an actual, lawful and substantial economic interest in the preservation of the building. Although no Florida court has addressed the question, the decisions of other courts support this result. See Liverpool and London and Globe Insurance Co. Ltd. v. Bolling, 176 Va. 182, 10 S.E.2d 518 (1940); Stokes v. Republic Underwriters Insurance Co., 387 So.2d 1261 (La. App. 1980).
We hold that Sun State's action against Cotton States is not barred by the principles of collateral estoppel or estoppel by judgment, and that the issue of whether Sun State had an insurable interest in the property was a question to be resolved by the finder of fact. Accordingly, we reverse the summary judgment and remand the case for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and OTT, J., concur.