In re Ernest J. KELLER, Kathleen Keller, Debtors.

William ALVINE and Carol Alvine, his wife, Plaintiffs,

v.

Ernest J. KELLER and Kathleen Keller, his wife, Defendants.

Bankruptcy No. 86–515–BKC–6P7.
Adv. No. 86–38.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

April 30, 1987.

Linton S. Waterhouse, Orlando, Fla., for defendants.

Willie G. May, Orlando, Fla., for plaintiffs.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter was heard at trial on adversary complaint to determine whether plaintiffs' claim should be nondischargeable as to the defendants.

Upon consideration of the pleadings, exhibits, and testimony, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The defendants filed a petition under Chapter 7 of the Bankruptcy Code on or about March 13, 1986. On or about April 21, 1986, the plaintiffs served their complaint to determine dischargeability of debts. The complaint has two Counts, the first alleging that the defendants devised a fraudulent scheme to obtain a building contract for the construction of the plaintiffs' residence. The second Count alleges that the defendants filed a fraudulent lien against the plaintiffs' property knowing that there was no money due and owing.

The defendants have been in the construction business for many years. Mrs. Keller is a licensed contractor under the laws of the State of Florida and is, and has been, in good standing with the Construc-

tion Industry Licensing Board. Mr. Keller, while apparently experienced in the construction of houses, is not a licensed contractor under the laws of any state. The defendants formed their own company, Willow Creek Homes, Inc., for the purpose of building residential homes.

The plaintiffs were seeking to have a new house built upon a lot in Seminole County which they had purchased. Their friend, who had just had her home built by the defendants through their corporation, Willow Creek Homes, Inc., recommended to Mr. Alvine that he contact the defendants about building their home. Mr. Alvine contacted Mr. Keller and they met to discuss the matter. It was during this meeting that the plaintiffs allege that the defendants fraudulently obtained a building contract with them. Specifically, the plaintiffs allege that the defendants represented that 1) Willow Creek Homes, Inc., has an excellent reputation in the community and was properly licensed to build the plaintiffs' residence; 2) that Mr. Keller was a contractor who would supervise the construction of the residence and ensure that it was built in accordance with the plans and specifications; 3) that Mr. Keller was qualified to supervise the construction of single-family residences; 4) that the residence could be built in accordance with sound construction practices and without violation of the applicable building codes for $149,000.

The plaintiffs further allege that the defendants failed to disclose that 1) Mr. Keller is not and never has been a licensed contractor within the State of Florida and has failed to pass the state contractor's licensing exam; 2) Mrs. Keller had a Florida contractor's license which was being used by Willow Creek Homes, Inc., to obtain building permits; 3) Mrs. Keller was employed full-time with another construction company and consequently could not oversee the day-to-day construction of the plaintiffs' residence.

Mr. Keller testified that he never told them that he was a licensed contractor. He further testified that he has experience of over ten years in building single-family residences and experience of over five years in supervising their construction. He testified that Willow Creek Homes, Inc., constructed between 12 and 18 residences. Mrs. Keller testified that she is a licensed contractor in Florida and that she was the qualified agent for Willow Creek Homes, Inc., and that the corporation was authorized to secure permits in her name. She testified that she did notify the Florida Construction Industry Licensing Board that she was the qualifying agent for Willow Creek Homes, Inc., but the Board apparently never made a note of this. She did not know that the Board did not have her listed as the qualifying agent until she received notice from the Board. She stated that she promptly rectified the situation by advising the Board again of her status as qualifying agent. She testified that at the time the plaintiffs' home was being built she was only working part-time with another construction company. The rest of the time she spent working for Willow Creek Homes, Inc. She testified that she visited the construction site for the plaintiffs' residence practically every Saturday. She testified that she was also there during the week in the afternoons. Furthermore, she testified that she and her husband talked together frequently about the construction of the plaintiffs' residence and carefully went over the plans and specifications for the residence. She additionally testified that it is recognized in the construction industry that a licensee such as herself does not have to be at the job site all the time.

The plaintiffs presented evidence of an expert witness on the faulty construction of their residence. The defendants presented evidence of the Seminole County Housing Inspector who testified that he had issued a Certificate of Occupancy on the plaintiffs' residence and that the residence had met all applicable county codes and ordinances.

The county issued its Certificate of Occupancy on January 30, 1985. After moving into the residence, plaintiffs began encountering what they called defects in the residence. A meeting was held at the office of the plaintiffs' lawyer and all four parties were present. Plaintiffs were refusing to

pay the remaining $37,250 due under the contract until the defendants completed, to their satisfaction, a list of 34 defects or problems. Plaintiffs released $17,250 to the defendants when defendants complied with the bank's prerequisites for final payment. The Claim of Lien was filed on April 29, 1986, by Willow Creek Homes, Inc. Willow Creek Homes, Inc., argued that it had substantially completed all the 34 items but the plaintiffs still refused to pay the corporation the final $20,000. Consequently, the corporation filed its Claim of Lien.

## CONCLUSIONS OF LAW

While the plaintiffs do not specifically state in their pleadings which subsection of 11 U.S.C. § 523 they are utilizing it is clear that they have stated a Cause of Action under 11 U.S.C. § 523(a)(2) and 11 U.S.C. § 523(a)(6). There are six basic elements plaintiffs must prove in order to recover under § 523(a)(2)(A):

1. A material misrepresentation made by the defendants;
2. That the defendants knew was false when made;
3. That the defendants made with intent to deceive;
4. On which the plaintiffs reasonably relied;
5. The plaintiffs were damaged;
6. That damage was the approximate result of this false representation.

*In re Norton*, 34 B.R. 666 (Bkrtcy.D.Ariz. 1983); *In re Kreps*, 700 F.2d 372 (7th Cir. 1983); *In re Haddad*, 21 B.R. 421 (Bkrtcy. App., 9th Cir.1982), *aff'd*, 703 F.2d 575 (9th Cir.1983).

There are four basic elements which the plaintiffs must prove under § 523(a)(6):

1. Intentional action by the defendants;
2. Done with intent to harm or with reckless disregard of others' rights or without just cause or excuse;
3. Which causes damage (economic or physical) to the plaintiffs.
4. The injury is the approximate result of the action by the defendants.

*In re Kasler*, 611 F.2d 308 (9th Cir.1979); *In re Graham*, 7 B.R. 5 (Bkrtcy.D.Nev. 1980).

The standard of proof for § 523(a)(2) and (6) actions as regards intent to defraud is generally recognized to be by clear and convincing evidence. *In re Graziano*, 35 B.R. 589 (Bkrtcy.E.D.N.Y.1983); *In re De-Rosa*, 20 B.R. 307 (Brktcy.S.D.N.Y.1982).

■ The Court concludes that there are only three factors alleged by the plaintiffs in their complaint which could warrant the nondischargeability of their claim: 1) there was no disclosure by Mr. Keller that he was unlicensed or Mr. Keller falsely represented that he was a licensed contractor; 2) that Mrs. Keller failed to qualify herself as a contractor agent for Willow Creek Homes, Inc.; 3) that the defendants, through their corporation, filed a fraudulent lien against the property of the plaintiffs. None of the other alleged representations by the defendants would amount to fraud. The alleged representation by the defendants that their corporation enjoyed an excellent reputation in the community as to the construction of single-family residences was merely puffing by the defendants and not fraudulent. Further, there was evidence that the defendants and the corporation did have satisfied customers in the community, as it was one of those customers who referred the plaintiffs to the debtors. The representation that Mr. Keller would supervise and insure that the plaintiffs' residence was built to their satisfaction and in accordance with the plans and specifications also has nothing to do with fraud. Failure to comply with these terms would show a breach of contract, and not a fraudulent misrepresentation. The representation that the plaintiffs' residence could be built in accordance with plans and specifications sound building practice and all codes and ordinance for the sum of $149,000 was also a representation that goes to the contract. Failure of the defendants to comply with these representations also would be a breach of contract and not fraudulent misrepresentations. Furthermore, the evidence shows that a Certificate of Occupancy was given for the

residence meaning that all applicable building codes and ordinances were met by Willow Creek Homes, Inc., the contractor. In short, the plaintiffs' whole complaint is premised upon faulty building practices by Willow Creek Homes, Inc., and the defendants, which is a complaint for breach of contract. A claim for a breach of contract is dischargeable in a Chapter 7 petition.

Plaintiffs also premise their cause of action on the failure of defendants to disclose certain information. The plaintiffs have shown no fraud in this regard. Failure to disclose certain material facts known to one party but not to the other is not actionable fraud unless there is some fiduciary relationship. *In re Haddad, supra.* Plaintiffs presented no evidence of any fiduciary relationship between the parties.

There was also no evidence presented by the plaintiffs indicating that Mrs. Keller had made any misrepresentations to the plaintiffs. Accordingly, fraud has not been shown as to her actions. Therefore, Count I of the plaintiffs' complaint is hereby dismissed as it relates to Mrs. Keller because there has been no showing that she made the subject misrepresentations. *In re Norton, supra; Matter of Curry,* 12 B.R. 421 (Bkrtcy.M.D.Fla.1981).

The Court finds that the plaintiffs have not presented sufficient evidence to show clearly and convincingly that Mr. Keller represented to them that he was a licensed contractor. Mr. Keller testified that he did not state this to the plaintiffs. Indeed, there was no need for Mr. Keller to state this since Mrs. Keller was a licensed contractor and the qualified licensee for Willow Creek Homes, Inc. The plaintiffs have attempted to further show fraud by virtue of the fact that the Department of Professional Regulation's records stated that as of December 17, 1986, Mrs. Keller had not been qualified as the licensee for Willow Creek Homes, Inc. Mrs. Keller testified that she did notify the Department of this and if the Department did not have her so listed it was because of a clerical error. Further, as stated by the Staff Attorney in a letter to Mrs. Keller, any violation to qualify herself as a licensee of Willow Creek Homes, Inc., was minor. The sole action taken by the Staff Attorney for the Department of Professional Regulation was to notify Mrs. Keller that she may have been in violation and that she should take corrective measures. There was no finding of a violation and if there was, the Department only gave Mrs. Keller a reprimand.

Accordingly, the plaintiffs have not met their burden of proof against Mr. Keller as to Count I.

The plaintiffs have also submitted in their complaint that their claim should not be discharged because Mr. Keller, on behalf of Willow Creek Homes, Inc., filed a fraudulent lien against the residence. Florida Statutes Section 713.31(2)(a) states as follows:

Any lien asserted under this part I in which the lienor has willfully exaggerated the amount for which such lien is claimed or in which the lienor has willfully included a claim for work not performed upon or materials not furnished for the property upon which he seeks to impress such a lien in which the lienor has compiled his claim with such willful and gross negligence as to amount to a willful exaggeration shall be deemed a fraudulent lien.

The statute speaks in terms of "willfully exaggerated" amounts or "willful and gross negligence as to amount." From the evidence presented to the Court, it does not appear that a fraudulent lien claim can be made against the defendants. The lien was filed on behalf of Willow Creek Homes, Inc., and not by the defendants. Assuming arguendo that there has been a willful exaggeration, the responsible lienor is the corporation not the defendants.

Again, the evidence does not show that Mrs. Keller has committed a fraudulent act. It was Mr. Keller who signed the claim of lien as agent for Willow Creek Homes, Inc. There is no evidence of a willful exaggeration. Willow Creek Homes, Inc., determined the 34 items listed were satisfactorily completed by the corpo-

ration. Upon completion, plaintiffs should have disbursed the $20,000.

Accordingly, the Court finds that the debt owed to the plaintiffs is dischargeable. A separate Final Judgment will be entered in favor of the defendants.