In Re John J. PISACANO and Gloria K. Pisacano Ortagus, Debtors.

Jim KYUNG KIM, Plaintiff,

v.

John J. PISACANO and Gloria K. Pisacano Ortagus, Defendants.

Bankruptcy No. 87–3058–8P7.

Adv. No. 87–354.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 11, 1988.

John Golding, Palm Harbor, Fla., for plaintiff.

Stephen G. Beneke, Clearwater, Fla., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

This is a contested discharge proceeding and the matter under consideration is a claim of nondischargeability asserted by Jim Kyung Kim, the Plaintiff (Plaintiff), who instituted this adversary proceeding against John J. Pisacano and Gloria K. Pisacano Ortagus (Debtors), the Debtors in this case.

The Complaint, which consists of one Count entitled "Fraud," alleges that the Debtors entered into a contract with the Plaintiff whereby they agreed to sell and the Plaintiff agreed to purchase a business

known as Farmer John's Market, and alleges inter alia that the Debtors breached the contract. The gravamen of the Complaint is the allegation that one of the Debtors, without specifying which of the two, represented to the Plaintiff that the business was profitable, and that the business grossed more than $1,000.00 per day during the week and $2,000.00–$3,000.00 per day during the weekend, when in fact the business only grossed $400.00–$500.00 per day during the week and $600.00 per day on the weekend. Based on this, it is contended that the Debtors obtained money by misrepresentation and as a result the Plaintiff suffered damages in the approximate amount of $12,395.63. It is to be noted that in the prayer for relief clause the Plaintiff sought only the entry of a judgment for punitive and compensatory damages but did not seek a declaration by this Court that the liability, if any, of these Debtors to the Plaintiff is a nondischargeable obligation.

Unfortunately, the legal sufficiency of the Complaint were never challenged by the Debtors, who merely filed a perfunctory Answer admitting some allegations and denying others. Thus technically the case was tried on the sole issue raised by the Complaint, i.e., basically whether the Debtors breached the contract between the Plaintiff and one of the Debtors. At the final evidentiary hearing the following facts were established.

At the time relevant to this controversy, the Debtors were the owners and operators of a business known as Farmer John's Market located in Clearwater, Florida, engaged in the wholesale and retail sale of general produce. Sometime in July, 1985, the Plaintiff visited the business premises of the Debtors repeatedly and ultimately approached the Debtor John Pisacano and inquired about the possibility of purchasing the business. It is without dispute that the Plaintiff had ample opportunity to observe the basic operation of the business and, more importantly as things developed, had an opportunity to actually have access to sales records of the business. While the evidence on this point is in dispute, this Court is satisfied that on August 20, 1985,

he actually took over the operation of the business, at least jointly with the Debtors, even though the ultimate contract to sell and purchase was not executed until later and the closing did not occur until August 26, 1985.

The contract attached to the Complaint (Pl's Exh. A), provided for the sale of specific assets basically consisting of some inventory: a truck and a walk-in refrigerator all described in Schedule A to the contract, a subclause is referred to in the contract, but not placed in evidence. It appears that it contained a non-compete clause. The Plaintiff paid to the Debtor John Pisacano $1,000.00 prior to closing and at closing paid an additional $9,000.00. It is intimated that he also executed a promissory note and security agreement but none of these documents were offered or placed in evidence by the Plaintiff. Be that as it may, it is without dispute that the total purchase price of $22,370.38, to be paid in installments was never paid in full. The closing was attended by the Debtors and the Plaintiff, who was not represented by an attorney. The closing took place in the office of the Debtors' attorney. It was suggested that the Plaintiff should obtain legal advice, which he declined.

On August 27th the Plaintiff took over the operation of the business notwithstanding the the Debtor John Pisacano stayed on and informally assisted the Plaintiff in learning the business and even operated the business on Saturday for the Plaintiff as the Plaintiff elected not to work on Saturdays for religious reasons.

The evidence is uncontradicted that the Plaintiff was consistently short of funds, was unable to maintain an adequate level of inventory, defaulted on his rent and ultimately was evicted from the premises by the landlord. While there is evidence that the Defendants did start a competing retail produce business, obviously in violation of the non-compete covenant in his contract with the Plaintiff, it appears that the competing business was not opened until after the Plaintiff completely closed his retail operation and merely conducted a wholesale operation in the back of the

building. There is no question that the Plaintiff never paid the balance of the purchase price. On a date undisclosed in the record, the Debtors commenced a lawsuit in the Circuit Court of Pinellas County and sought to foreclose the security interest in the chattels described in the security agreement mentioned earlier. The Plaintiff, who was named as a Defendant in that lawsuit filed a Counterclaim and sought rescission of the contract and sought a return of monies paid by him to the Debtors. In due course the case was tried in the state court and on April 24, 1987, the Circuit Court entered the final judgment, (Pl.Exh. 2). The judgment authorized the rescission of the contract; and ordered the Debtors to return the sum of $7,500.00, to the Plaintiff. This sum was apparently arrived at by crediting the Debtors with the value of the inventory which was deducted from the total of $10,000.00 paid by the Plaintiff.

These are basically the operating facts on which the Plaintiff's claim of non-dischargeability is based. It appears, although it was never plead but only intimated by the Plaintiff, that the liability of these Debtors is based on actual fraud and thus is nondischargeable even though the Complaint does not even seek such a determination.

It should be stated at the outset there is absolutely not one iota of evidence in this record that Gloria Ortagus, the wife of the Debtor John J. Pisacano, made any statements whatsoever to the Plaintiff or that she was involved in this transaction in any way except that she happened to have signed the contract to sell the business to the Plaintiff and attended the closing. Thus, it is clear that there is no basis whatsoever to even consider any relief against the Debtor Gloria K. Pisacano Ortagus.

This leaves for consideration the viability of a claim against the remaining Debtor, John Pisacano. First the liability of both of the Debtors to the Plaintiff has already been established in the state court and was fixed at $7,500.00. Thus the only question remains whether or not this liability represented by State Court judgment should be excepted from the general protective provisions of the Bankruptcy Code pursuant to any of the exceptions to discharge set forth in § 523 of the Bankruptcy Code. As noted, no such claim was ever really properly plead, but again treating the Complaint in the most generous fashion in favor of the Plaintiff the one and only possible exception to discharge would be under § 523(a)(2)(A) which provides as follows:

**§ 523. Exceptions to discharge**

(a) A discharge under section 727,- 1141,1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancig of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

It is well established that the exceptions to discharge should be strictly construed against the one asserting the same. This is so because the very nature and philosophy of the bankruptcy law traditionally has been that the discharge provisions shall be liberally construed in favor of the Debtor in order to achieve the Congressional intent, which is to give financially distressed Debtors a fresh start in life. *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). *Matter of Cross,* 666 F.2d 873 (5th Cir.1982). It is equally well established that the burden of proof is placed on the party asserting the claim of non-dischargeability and must establish with the requisite degree of proof that the particular debt is a non-dischargeable obligation in order to prevail. *In re Hunter,* 780 F.2d 1577 (11th Cir.1986)

The quantity and quality of proof required to be presented by the creditor who challenges the dischargeability under § 523(a)(2)(A) must be clear and convincing. *In re Neumann,* 13 B.R. 128 (Bkrtcy. E.D.Wisc.1981). The fraud included in this section is the type of fraud which, in fact, involves moral turpitude or intentional wrong, and fraud implied in law which may exist without imputation of bad faith or

immorality is insufficient. *In re McAdams,* 11 B.R. 153 (Bkrtcy.Vt.1980). Considering the facts established at the final evidentiary hearing and in light of these general principles there is no question that the Plaintiff's claim of non-dischargeability cannot be sustained.

Even assuming the Plaintiff satisfied all other elements, of § 523(a)(2)(A) a point not conceded, there is scant if any evidence to support the Plaintiff's contention that the Plaintiff relied on any alleged false statement made by any of the two defendants. Any evidence existing on this point does not meet the clear and convincing standard required under § 523(a)(2)(A).

Therefore, judgment should be entered in favor of the Debtors. A separate final judgment will be entered in accordance with the foregoing.