In the Matter of Harold L.
DANIELS, Debtor.

George CHANG, Plaintiff,

v.

Harold L. DANIELS, Defendant.

Bankruptcy No. 87–4123–8B7.
Adv. No. 87–427.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 14, 1988.

Cindy L. Turner, Tampa, Fla., for defendant.

Lance Holden, Winter Haven, Fla., for plaintiff.

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS CAUSE came on to be heard upon the Motion for Summary Judgment filed by Plaintiff George Chang. On October 29, 1987, Plaintiff filed an adversary proceeding seeking a determination that a stipulated final judgment entered by a State of California court was nondischargeable under Section 523(a)(2)(A). The gravamen of Plaintiff's Motion for Summary Judgment is collateral estoppel.

The Plaintiff's basis for issue preclusion is paragraph 3 of the certified "Stipulation for Entry of Judgment and Judgment Thereon" which states, "The obligations of Defendants Daniels and.... to Plaintiff (Chang) hereunder arise from fraudulent conduct by each of them and shall not be dischargeable by either of them in any

bankruptcy proceeding."[1] The remainder of the stipulated judgment specifically sets forth the details of the settlement between the parties. Debtor Daniels executed this stipulated final judgment on December 4, 1985.

This Court notes there is a plethora of decisions concerning the use of collateral estoppel (in its modern term, "issue preclusion") in federal proceedings. That is where the problem lies. As Judge Bihary noted in *Sciarrone v. Brownlee (Matter of Brownley)*, 83 B.R. 836 (Bankr.N.D.Ga. 1988), "The federal courts have not been uniform in deciding whether to apply the collateral estoppel law of the state in which the judgment at issue was rendered or the federal law of collateral estoppel." *See, Gjellum v. City of Birmingham*, 829 F.2d 1056 (11th Cir.1987).

The beginning point for most courts has been the Supreme Court decision of *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The difficulty with *Brown* vis-a-vis bankruptcy is that it deals with the 1898 Bankruptcy Act, res judicata, and left posterity with only the infamous "footnote 10." *Brown* specifically spoke to res judicata and not the narrower principle of collateral estoppel.

Whereas res judicata forecloses all which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. (citations omitted) If, in the course of adjudicating a state law question, a state court should determine factual issues using standards identical to those of Section 17 (of the Bankruptcy Act), then collateral estoppel, in the absence of contravailing statutory policy, would bar relitigation of those issues in the bankruptcy court. Because respondent does not contend the state litigation actually and necessarily decided either fraud or any other question against petitioner, we need not, and therefore do not,

decide whether a bankruptcy court adjudicating a Section 17 question should give collateral estoppel effect to a prior state judgment. In another context, the court has held that a bankruptcy court should give collateral estoppel effect to a prior decision. *Heiser v. Woodruff*, 327 U.S. 726, 736, 90 L.Ed. 970, 66 S.Ct. 853 [857–58] (1946). The 1970 Amendments to the Bankruptcy Act, however, have been interpreted by some commentators to permit a contrary result. See, 1 A J. Moore, J. Mulder, and R. Oglebay, *Collier on Bankruptcy*, Section 17.16[6], p. 1650. (14th Ed. 1978); *Countrymen, The New Dischargeability Law*, 45 *American Bankruptcy Law Journal*, 1, 49–50 (1971). But *see*, 1 D Cowan's *Bankruptcy Law in Practice*, § 253 (1978).

*Brown* at 139 n. 10, 99 S.Ct. at 2213 n. 10; *See, Cell v. Barrow (In re Barrow)*, 87 B.R. 879 (Bankr.E.D.Va.1988).

Fortunately for this Court, Judge Bihary, in *In re Brownley, supra*, and Chief Judge Martin in *Molldrem v. Wagner (In re Wagner)*, 79 B.R. 1016 (Bankr.W.D.Wis.1987), have charted a course through the judicial maze.[2] This decision will not plough over old fertile fields done so ably by these judges, but will seek to more definitively describe the approach to be taken in deciding whether collateral estoppel should be applied.

In any consideration of collateral estoppel where there is a state court judgment, the initial inquiry must focus on Title 28 U.S.C. § 1738, which requires this federal court to give full faith and credit to judicial proceedings of any state court. From there the inquiry goes to the Supreme Court decision in *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). As provided by the statute and the *Marrese* decision, federal courts, when considering the application of collateral estop-

1. *See, Klingman v. Levinson (In re Levinson)*, 58 B.R. 831 (Bankr.N.D.Ill.1986) (bankruptcy policy repudiates waiver of right to dischargeability), *aff'd, Klingman v. Levinson*, 831 F.2d 1292 (7th Cir.1987).

2. See also, *Day v. Manuel (In re Manuel)*, 76 B.R. 105 (Bankr.E.D.Mich.1987); Ferrill, *The Preclusive Effect of State Court Decisions in Bankruptcy*, (Second Installment) 59 *American Bankruptcy Law Journal* 55 (1985).

pel to state court judgments, are required to initially determine whether state law would allow the judgment to have an issue preclusion effect. If the answer is "yes", then the federal court must determine if there is an exception to the full faith and credit standard established by Title 28 U.S. C. § 1738, i.e., would federal law preempt the state law. It is to be noted that unless there is a federal court adjudication, the federal standard of collateral estoppel does not apply. In the case at bar, this Court must look to California law to determine that state's criteria regarding the use of the stipulated final judgment to collaterally estop subsequent litigation. *Marrese, supra* at 386, 105 S.Ct. at 1334–35; *Wagner, supra* at 1019. Ferrill, *The Preclusive Effect of State Court Decisions in Bankruptcy,* (Second Installment), 55 *American Bankruptcy Law Journal,* 55, 68 (1985).

The second part of the *Marrese* analysis requires a determination of whether Congress has intended federal law to predominate over the state court law adjudication. In the *Brown* case, the Supreme Court determined that at least in the matter of res judicata Congress had impliedly repealed Title 28 U.S.C. § 1738.

Only if state law indicates that a particular claim or issue would be barred, is it necessary to determine if an exception to § 1738 should apply. Although, for purposes of this case, we need not decide if such an exception exists for federal anti-trust claims, we observe that the more general question is whether the concerns underlying a particular grant of exclusive jurisdiction justify a finding of an implied partial repeal of § 1738. Resolution of this question will depend on the particular federal statute as well as the nature of the claim or issue involved in the subsequent federal action. Our previous decisions indicate that the primary consideration must be the intent of Congress. See *Kremer* [*v. Chemical Construction Corp.,] supra,* 456 U.S., [461] at 470–476, 102 S.Ct., [1883] at 1891–1894 [72 L.Ed.2d 262 (1982) ] (finding no con-

gressional intent to depart from § 1738 for purposes of Title VII); cf. *Brown v. Felsen,* 442 U.S. 127, 138, 99 S.Ct. 2205, 2212, 60 L.Ed.2d 767 (1979) (finding congressional intent that state judgments would not have claim preclusive effect on dischargeability issue in bankruptcy).

*Marrese, supra* 105 S.Ct. at 1335; *see also, Id.* 470 U.S. at 380, 105 S.Ct. at 1331–32; *Gjellum, supra* at 1060, 1071; *Wagner, supra* at 1019; *Harris v. Byard (In re Byard),* 47 B.R. 700 (Bankr.M.D.Tenn. 1985).

It appears the Ninth Circuit Court of Appeals has concluded the bankruptcy courts' exclusive jurisdictional grant regarding issues of nondischargeability precludes the application of collateral estoppel to state court judgments. *Matter of Kasler,* 611 F.2d 308 (9th Cir.B.A.P.1979); but *see, Hardacre v. DiNoto (In re DiNoto),* 46 B.R. 489 (Bankr. 9th Cir.B.A.P.1984). The Fifth, Sixth, Seventh, and Eleventh Circuits, however, would not preclude the bankruptcy court from utilizing the doctrine of collateral estoppel of state court judgments to issues involving nondischargeability under Section 523(a). *Carey Lumber Co. v. Bell,* 615 F.2d 370 (5th Cir.1980); *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981); *Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987); and *Halpern v. First Georgia Bank (In re Halpern),* 810 F.2d 1061 (11th Cir.1987).

The initial step of the *Marrese* analysis requires this Court to look to the state law and make the inquiry "what preclusive effect would the state courts give to a consent judgment?"[3] *See, Wagner, supra* at 1019; *Day v. Manuel (In re Manuel),* 76 B.R. 105, 106 (Bankr.E.D.Mich.1987). Generally, when answering this inquiry, the criteria state courts will use is:

A. Was the final judgment valid and final on its merits?

B. Was there an identity of issues in the prior litigation?

---

**3.** This Court does not believe the inquiry is simply: Does state law allow default or consent

judgments to have preclusive effect?

C. Was there an identity of parties or privity between the parties in both the prior and present litigation?

D. Was the issue sought to be precluded actually litigated and determined in the previous case? [4]

Therefore, this Court's inquiry into the preclusive effect of a consent judgment would be the same as the state court reviewing that judgment.

A. Is a consent judgment valid and final on its merits under California law?

B. Were the issues of fraud identical in the prior litigation?

C. Were the litigating parties identical or in privity with each other?

D. Was the issue of fraud actually litigated and determined in the prior action?

California law allows the doctrine of collateral estoppel to be applied where a stipulated judgment was entered by the state court, *see generally, Ellena v. State of California,* 69 Cal.App.3d 245, 138 Cal. Rptr. 110 (Cal. 4th Ct.App.1977); *Buckley v. Buckley,* 133 Cal.App.3d 927, 184 Cal. Rptr. 290 (Cal. 1st Ct.App.1982). It will not be necessary to go into detailed discussion of the California law as will be shown later.

■ When the issue is nondischargeability of debts under Section 523 of the Code, the bankruptcy court must make an additional inquiry or sub-routine within the state's issue preclusion criteria. Within criterion "B", identity of issues, the burden of proof required as to fraud in the state litigation must be juxtaposed to the burden of proof of fraud under Section 523(a)(2). This Court rejects the proposition the state burden of proof would apply in bankruptcy cases. The burden of proof in prior state litigation must be equal to or greater than the burden of proof required in the nondischargeability case in order for the doctrine

of collateral estoppel to be applicable in a Section 523 action. *Wagner, supra* at 1020. In the case of fraud, if the state court burden of proof is less than that required by the bankruptcy law, then the doctrine of collateral estoppel cannot be used in the dischargeability action notwithstanding the fact the state court would have applied the doctrine.

■ This issue begs the question—What is the burden of proof in nondischargeability cases. Recently, the Fourth Circuit Court of Appeals, in a case also concerning issue preclusion, found the burden of proof in nondischargeability cases is the preponderance of the evidence. *Combs v. Richardson,* 838 F.2d 112 (4th Cir.1988). The Fourth Circuit found no standard of proof in the Bankruptcy Code as to nondischargeability nor is there anything in the Bankruptcy Code which would suggest a different standard of proof other than that found in the state law. *Combs, supra* at 116. Judge Tuohey, in following the *Combs* decision, stated:

> Thus, the *Combs* court has found that there is a complete absence in the Bankruptcy Code of any standard of proof dealing with nondischargeability. The Fourth Circuit concluded from this that we should then look to state law. Said logic is certainly in conformance with the long standing procedures commencing in *Erie v. Tompkins, supra,* [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)] at running through *Butner v. United States, supra* [440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)].

*Laganella v. Braen (In re Braen),* 87 B.R. 841, 845 (Bankr.N.J.1988).

The variances in standard of proof in nondischargeability cases has been recently explored. *Kleiner v. Daboul (In re Daboul),* 85 B.R. 197, 199 (Bankr.Mass.1988).

---

**4.** It has been noted by Chief Judge Martin that criterion "C" would be disregarded where the inquiry relates to a prior federal judgment, *see, Wagner, supra* at 1020, n. 3; *see also, Halpern, supra,* at 1064; *Brownlee, supra* at 840; *Falk v. Hecker (In re Falk),* 88 B.R. 957 (Bankr.Minn. 1980); *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313,

91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). It should be noted further that the *Halpern* decision and the Seventh Circuit's opinion in *Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987), which are post-*Marrese* decisions, do not cite *Marrese* as controlling law. However, their decisions appear to follow the *Marrese* analysis.

The Sixth, Seventh, and Eighth Circuit Court of Appeals have established the standard of proof in nondischargeability cases as clear and convincing. *See, Martin v. Bank of Germantown (In re Martin),* 761 F.2d 1163 (6th Cir.1985); *Matter of Bogstad,* 779 F.2d 370 (7th Cir.1985); *Caspers v. Van Horne (Matter of Van Horne),* 823 F.2d 1285 (8th Cir.1987). While the Eleventh Circuit Court of Appeals has not analyzed this question, it has recently determined that clear and convincing evidence is the standard of proof as regards the question of the willfulness and maliciousness of an act under Section 523(a)(6). *Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257, 1262 (11th Cir.1988). This Court has long held that the burden of proof under Section 523 of the Code is clear and convincing evidence. *Kim v. Pisacano (In re Pisacano),* 86 B.R. 277 (Bankr.M.D.Fla.1988); *Alvine v. Keller (In re Keller),* 72 B.R. 599 (Bankr.M.D.Fla.1987); *Matter of Albritton,* 17 B.R. 555 (Bankr.M.D.Fla.1982). The standard of proof in this Circuit regarding nondischargeability is clear and convincing evidence. In this case at the time the consent judgment was entered, the burden of proof in California regarding fraud was less than clear and convincing evidence. *Tilbury v. Walden (In re Tilbury),* 74 B.R. 73 (Bankr. 9th Cir.1987).

Even if the burden of proof were the same as in the nondischargeability case, the federal courts have logically required a specific finding of fact in the stipulated final judgment as to all elements related to the proof of nondischargeability. *See, Halpern, supra* at 1063; *Klingman, supra* at 1296.

In this case, the Motion for Summary Judgment by the Plaintiff should be denied. The doctrine of collateral estoppel cannot be applied as the burden of proof regarding fraud in the State of California does not meet the burden of proof concerning nondischargeability under Section 523 of the Code. Further, the stipulated judgment between the Plaintiff and Defendant herein does not recite findings of fact and conclusions of law that clearly establish all elements of fraud under Section 523(a)(2).

Accordingly, it is ORDERED, ADJUDGED AND DECREED that, for the reasons stated above, the Motion for Summary Judgment by Plaintiff be, and the same is hereby, denied and a final evidentiary hearing in this case shall be set by separate order of this Court.