**In re Steven S. FELDSTEIN and Vickie L. Feldstein, Debtors.**

**COMPUTERS AUDITORS AND SCIENTISTS, INC., a Corporation, and Jere Wynne, jointly and severally, Plaintiffs,**

v.

**Stephen S. FELDSTEIN and Vicki L. Feldstein, Defendants.**

**Bankruptcy No. 87–2028–8B7.**

**Adv. No. 87–277.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 8, 1988.

Richard Whitaker, Lima & Assoc., Tampa, Fla., for plaintiffs.

Office of Randall W. Taylor, for defendants.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 adversary proceeding is a Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(6). Plaintiffs filed a Motion for Summary Judgment alleging there remain no genuine issues of material fact and that the issues may be decided as a matter of law. The Court reviewed the Motion and the record. The underlying facts, as they appear from the record, are as follows:

Plaintiff, Computers Auditors and Scientists, Inc. (CASI), sold the assets of a health food store to the Defendant/Debtors, Stephen S. Feldstein and Vicki L. Feldstein. In conjunction with the sale, Plaintiff took back a security interest in the inventory, goods and equipment. All parties agree the Debtors were the rightful owners of the property. Sometime after October 1985, the Debtors willfully sold the inventory, goods and equipment valued at $13,578.96 without the consent of Plaintiff.

In December 1985, the Debtors sued the Plaintiffs, CASI and Wynne, for fraud in the Circuit Court of Orange County, Florida. Plaintiffs counterclaimed against the Debtors on the promissory note given by Debtors, for conversion, civil theft under Fla.Stat. § 812.035(7), foreclosure and interference with ability to contract. The trial judge entered a partial summary judgment against the Debtors as regards the amount due on the promissory note. A jury trial on the other counts brought forth

a verdict for Plaintiffs on their counterclaim for conversion. The Debtors' claim for fraud was denied. While it appears the Circuit Court found the jury verdict to be against the Debtors as to civil theft, the record before this Court is unclear as to that jury finding. Nonetheless, the state trial court entered a final judgment on October 15, 1986, trebling the damages established by the jury. See Fla.Stat. § 812.035 (1985).

On April 16, 1987, the Debtors filed their Petition for Relief under Chapter 7 of the Bankruptcy Code. This adversary proceeding followed whereby the Plaintiffs seek to determine the nondischargeability of that state court judgment. The gravamen of the Plaintiffs' Complaint is that the Defendants' sale of inventory, goods and equipment as alleged in the state court action constituted civil theft under Fla.Stat. § 812.014(1), the successor to § 812.035(7). In fact, Plaintiffs seek this Court's determination that the doctrine of collateral estoppel applies, and the final judgment establishing civil theft also establishes the Debtors' conduct as willful, malicious injury to Plaintiffs' property. Thus, Plaintiffs contend the debt evidenced by the final judgment should be excepted from discharge pursuant to § 523(a)(6).

This Court, in a recent decision, *Chang v. Daniels (In re Daniels)*, 91 B.R. 981 (Bankr.M.D.Fla.1988), held that in order for a prior state court judgment to have the effect of issue preclusion in a nondischargeability proceeding, this Court must determine by the two-step analysis established by the United States Supreme Court decision in *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), the applicability of the doctrine of collateral estoppel. Under the *Marrese* analysis, this Court must determine if the state law under which the final judgment was entered would allow issue preclusion based on such judgment. Each and every element of proof regarding Section 523(a)(6) causes of action would have to be proven in the state court action. If state law would allow the final judgment to collaterally estop a subsequent state court case, then the next step

in the analysis is to determine if federal law preempts the subject matter of the judgment. The effect of such a preemption is an implied repeal of Title 28 U.S.C. § 1738 which requires this Court to give full faith and credit to state court judgments. Florida law would allow the application of collateral estoppel to a final judgment based on a jury verdict such as we have in this case. *Krug v. Meros*, 468 So.2d 299 (2nd DCA Fla.1985); *Sun State Roofing Co., Inc. v. Cotton States Mutual Insurance Co.*, 400 So.2d 842 (2nd DCA Fla.1981). Further, notwithstanding a minority position that federal law would preempt use of the doctrine of collateral estoppel in nondischargeability proceedings, it is quite clear that the Eleventh Circuit Court of Appeals has determined the doctrine of collateral estoppel would apply to state court judgments in nondischargeability proceedings, *see*, *In re Halpern*, 810 F.2d 1061 (11th Cir.1987).

A further requirement arises when the doctrine of collateral estoppel is sought to be applied in a nondischargeability proceeding under Section 523 of the Bankruptcy Code. See *Daniels, supra.* In order for collateral estoppel to apply, the burden of proof in the state court action must be equal to or greater than that required by the bankruptcy law regarding nondischargeability. *Molldrem v. Wagner (In re Wagner)*, 79 B.R. 1016 (Bankr.W.D.Wis. 1987). Clearly, in the Eleventh Circuit, the burden of proof under Title 11 U.S.C. § 523(a)(6) is clear and convincing evidence. *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1262 (11th Cir.1988); *Kim v. Pisacano (In re Pisacano)*, 86 B.R. 277 (Bankr.M. D.Fla.1988); *Alvine v. Keller (In re Keller)*, 72 B.R. 599 (Bankr.M.D.Fla.1987); *Matter of Albritton*, 17 B.R. 555 (Bankr.M. D.Fla.1982). Since the general jury verdict is based on conversion, it is appropriate to determine the burden of proof for conversion. It appears under Florida law the burden of proof regarding conversion is by the preponderance of the evidence. *Sharps v. Sharps*, 214 So.2d 492 (Fla. 3rd DCA 1968).

Plaintiffs rely on the Eleventh Circuit Court's decision in *Sunco Sales, Inc. v. Latch (In re Latch)*, 820 F.2d 1163 (11th Cir.1987), affirming the District Court's opinion, 58 B.R. 596 (S.D.Fla., 1986). The District Court, as affirmed by the Eleventh Circuit Court of Appeals, found a jury's determination that a plaintiff was liable under the Florida Civil Theft Act established willful and malicious conduct sufficient to except the debt from discharge under Title 11 U.S.C. § 523(a)(6).

The Plaintiffs' reliance on *Latch*, however, is misplaced. The *Latch* decision relied on a federal jury verdict, therefore, making the *Marrese* analysis inapplicable to that decision. *In re Daniels, supra.* Further, the burden of proof regarding § 523(a)(6) does not appear to have been raised nor discussed by either the District or the Circuit Court in *Latch*. Most importantly, in the *Latch* case detailed jury interrogatories finding the debtor liable under the Florida Civil Theft Act formed the basis for finding the debtor's conduct willful and malicious. In the case at bar, the general jury verdict is based on conversion while the final judgment entered by the trial court appears to be based on the Florida Civil Theft Act. There is no nexus in the record between the jury verdict and the Court's final judgment. Therefore, this Court finds that there are material issues of fact and law which preclude granting the Plaintiffs' Motion for Summary Judgment.

Therefore, it is

ORDERED, ADJUDGED AND DE-CREED that Plaintiffs' Motion for Summary Judgment be, and the same is hereby denied. A separate order shall be entered by this Court scheduling a final evidentiary hearing.

DONE AND ORDERED.