123 B.R. 434 (1991)
In the Matter of Linda Kleinkorte OWENS a/k/a Linda K. Owens, Debtor.
JERRY KATZMAN, M.D. OPHTHALMIC ASSOCIATES, P.A., Plaintiff,
v.
Linda Kleinkorte OWENS, a/k/a Linda K. Owens, Defendant.
Bankruptcy No. 89-6803-8B7, Adv. No. 89-638.
United States Bankruptcy Court, M.D. Florida, Tampa Division.
January 11, 1991.
*435 Hala Mary Ayoub, and Jeff D. Jackson, Tampa, Fla., for plaintiff.
Daniel J. Herman, Largo, Fla., for defendant, debtor.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
THOMAS E. BAYNES, Jr., Bankruptcy Judge.
THE MATTER under consideration in the above-captioned Chapter 7 case is an Amended Complaint Seeking Exception to Discharge pursuant to Title 11 U.S.C. § 523(a)(2)(A) and (a)(4) filed by Plaintiff, Jerry Katzman, M.D. Ophthalmic Associates, P.A. Both Plaintiff and Defendant, Linda Kleinkorte Owens, moved for summary judgment on the basis there remain no genuine issues of material fact and they are entitled to judgment as a matter of law. The Court reviewed the record and finds the relevant facts as follows:
1. During the period of January 1987 through April 1988, Defendant was employed as the office manager for Plaintiff's medical practice business.
2. Plaintiff brought criminal charges against Defendant alleging Defendant converted *436 to her own use monies in excess of $50,000.00 belonging to Plaintiff.
3. On September 2, 1988, Defendant executed a Plea Agreement: Acknowledgment and Waiver of Rights where she pled guilty to the charge of grand theft in the second degree[1] which includes the crime of embezzlement.[2]
4. On December 15, 1988, the State Court entered a Judgment adjudicating Defendant guilty of grand theft in the second degree pursuant to Fla.Stat. 812.014(2)(b).
5. On May 18, 1989, the State Court ordered restitution against Defendant in the amount of $16,032.52.
6. Thereafter, Plaintiff filed a four-count Complaint against Defendant in the State Court seeking damages for embezzlement, violation of Fla.Stat., Chapter 772, Criminal Practices, breach of fiduciary duty and punitive damages.
7. In July 1989, Plaintiff and Defendant executed a Stipulation for Entry of Final Judgment. Subsequently, the State Court entered a civil Final Judgment in favor of Plaintiff and against Defendant in the amount of $50,000.00.
8. On September 22, 1989, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.
Plaintiff moved for summary judgment on three points. First, Plaintiff argues the State Court civil Final Judgment has no effect in this adversary proceeding based on the principles of collateral estoppel espoused in this Court's opinion, Chang v. Daniels (In the Matter of Daniels), 91 B.R. 981 (Bankr.M.D.Fla.1988). Second, Plaintiff argues Owens is collaterally estopped from litigating the issue of guilt regarding her embezzlement of funds from Katzman. Third, Plaintiff alleges the restitution debt of $16,000.00 has no effect in this adversary proceeding; damages must be relitigated; and Plaintiff is entitled to prove up damages resulting from Defendant's embezzlement.
Defendant also moved for summary judgment. First, Defendant argues the State Court civil Final Judgment has a collateral estoppel effect on this adversary proceeding. Thus, the part of the $50,000.00 civil judgment in the amount of $16,000.00 is restitution, thus, nondischargeable. The remaining $34,000.00 of the $50,000.00, which includes treble damages and attorney fees is dischargeable. Defendant also argues the State Court Stipulation for Entry of Final Judgment and civil Final Judgment represents an accord and satisfaction and Plaintiff has no cause of action or damages other than reflected in the Stipulation for Entry of Final Judgment and civil Final Judgment.
In addition, in Defendant's brief in support of her motion for summary judgment filed on August 20, 1990, she "concedes her guilty plea and the Restitutionary Final Evidentiary Hearing . . . and concedes that the amount of restitution determined on the evidence at that hearing . . . [$16,032.00] . . . is a nondischargeable debt, minus any payments she has made under the restitution order."
*437 COLLATERAL ESTOPPEL AS TO THE ISSUE OF GUILT REGARDING EMBEZZLEMENT IN THE CRIMINAL ACTION AND TO THE ISSUE OF RESTITUTION
"[F]ederal courts, when considering the application of collateral estoppel to state court judgments, are required to initially determine whether state law would allow the judgment to have an issue preclusion effect." Daniels, supra at 982-983, citing, Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). In Florida, ". . . collateral estoppel may be asserted only when the identical issue has been litigated between the same parties or their privies." Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843, 845 (Fla.1984), aff'g, 427 So.2d 802 (Fla. 4th DCA 1983), citing, Mobil Oil Corp. v. Shevin, 354 So.2d 372, 374 (Fla. 1977).
Florida courts do not allow an issue decided in a criminal proceeding to be given preclusive effect in a subsequent civil action because the parties are not the same in the criminal proceeding and the civil action. For example, in Romano, supra, the petitioners in the civil action were the victims named in the criminal proceeding. The Florida Supreme Court did not allow the petitioners to use the judgment of conviction for the purpose of collateral estoppel in the subsequent civil action because the parties were not the same in both actions. While recognizing the federal courts and other jurisdictions have abandoned the requirement of mutuality of parties as a prerequisite to asserting the doctrine of collateral estoppel, e.g. Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); Bernhard v. Bank of America Nat'l Trust & Savings Ass'n, 19 Cal.2d 807, 122 P.2d 892 (1942), the Florida Supreme Court did not follow these cases and still requires mutuality of parties as a prerequisite to asserting collateral estoppel. Romano, supra at 845. Thus, in Romano, the Florida Supreme Court held a litigant, who was not a party to a prior criminal proceeding that resulted in a judgment of conviction, may not use the judgment of conviction "offensively"[3] in a civil proceeding to prevent the same defendant from relitigating issues resolved in the prior criminal proceeding. Id.
In the instant case, neither the same parties nor their privies were involved in both the criminal and adversary proceeding. The State of Florida prosecuted the criminal proceeding while Dr. Katzman filed this adversary proceeding. Inasmuch as the Plaintiff in this adversary proceeding was not a party in the prior criminal proceeding, Plaintiff's Motion for Summary Judgment should be denied as to the issue of guilt regarding Defendant's embezzlement of Plaintiff's funds.
However, inasmuch as Defendant "concedes her guilty plea", and embezzlement is defined the same in Florida and Section 523(a)(4),[4] this Court is satisfied the debt under Section 523(a)(4) is nondischargable.
As to the amount of restitution, since the parties were not the same in the criminal proceeding and this adversary proceeding, collateral estoppel can not be applied according to Romano, supra. Thus, Plaintiff's Motion for Summary Judgment *438 as to the amount of restitution is granted. The amount of restitution determined in the restitutionary hearing has a limited effect in this adversary proceeding and damages must be relitigated under Section 523(a)(4). However, since Defendant admitted to $16,000.00 being nondischargeable, this Court finds $16,000.00, minus the amount of restitution already paid pursuant to the Restitution Order, is the minimum amount of damages nondischargeable under Section 523(a)(4) without prejudice to allow Plaintiff to establish damages under Section 523(a)(4).

COLLATERAL ESTOPPEL AS TO THE STATE COURT CIVIL FINAL JUDGMENT
The State Court entered a civil Final Judgment in favor of Plaintiff and against Defendant in the amount of $50,000.00 based on a Stipulation for Entry of Final Judgment entered into between the parties. Without deciding the issue whether stipulations or consent judgments can be used as a basis of collateral estoppel in Florida, this Court finds the civil Final Judgment entered by the State Court can not be used to preclude issues from being litigated in this adversary proceeding.
When the issue is nondischargeablity of debts under Section 523 of the Code, the bankruptcy court must make an additional inquiry or subroutine within the state's issue preclusion criteria. Within [the criterion regarding] the identity of issues, the [standard] of proof required as to fraud in the state litigation must be juxtaposed to the [standard] of proof of fraud under Section 523(a)(2) [and (4)]. This Court rejects the proposition the state [standard] of proof would apply in bankruptcy cases. The [standard] of proof in prior state litigation must be equal to or greater than the [standard] of proof required in the nondischargeability case in order for the doctrine of collateral estoppel to be applicable in a Section 523 action.
Daniels, supra at 984. The standard of proof regarding nondischargeability under Section 523(a)(4) is clear and convincing evidence. Gillespi v. Jenkins (In re Jenkins), 110 B.R. 74, 76 (Bankr.M.D.Fla. 1990); In the Matter of Weber, 892 F.2d 534, 538 (7th Cir.1989). See also, Lee v. Ikner (In re Ikner), 883 F.2d 986 (11th Cir.1989). The standard of proof the State Court used when entering the civil Final Judgment was preponderance of the evidence, a standard lower than clear and convincing evidence. Therefore, since the standard of proof used by the State Court when entering the civil Final Judgment was not greater than or equal to the standard of clear and convincing evidence, collateral estoppel can not be applied in this adversary proceeding. In addition, federal courts have required a specific finding of fact in the final judgment that clearly establishes all elements related to the proof of nondischargeability. Daniels, supra at 985, citing, Halpern v. First Georgia Bank (In re Halpern), 810 F.2d 1061, 1063 (11th Cir.1987); Klingman v. Levinson, 831 F.2d 1292, 1296 (7th Cir.1987). Neither the Stipulation for Entry of Final Judgment nor the civil Final Judgment recited findings of fact and conclusions of law that clearly establish all elements related to the proof of dischargeability. Therefore, the Court finds Plaintiff's Motion for Summary Judgment as to the State Court civil Final Judgment having no effect in this adversary proceeding is granted and Motion of Defendant for Summary Judgment is denied.
As to Defendant's argument that the Stipulation for Entry of Final Judgment and civil Final Judgment represents an accord and satisfaction and Plaintiff has no cause of action or damages other than reflected in the Stipulation for Entry of Final Judgment and civil Final Judgment, the Court finds since the Stipulation and civil Final Judgment can not act as collateral estoppel, they also can not be used as an accord and satisfaction without prejudice to Defendant to seek enforcement of the Stipulation as otherwise binding on the Plaintiff.
Accordingly, it is
ORDERED, ADJUDGED AND DECREED that as to the preclusive effect of *439 the State Court civil Final Judgment in this adversary proceeding, Plaintiff's Motion for Summary Judgment is granted. It is further
ORDERED, ADJUDGED AND DECREED that as to the issue of liability created by the guilty plea of embezzlement, Plaintiff's Motion for Summary Judgment is granted based on Defendant's admission of embezzlement and its nondischargeability. It is further
ORDERED, ADJUDGED AND DECREED that as to the issue of the restitution amount being nondischargeable, Plaintiff's Motion for Summary Judgment is granted based on Defendant's admission of the restitution being nondischargeable. The $16,000.00 restitution determined at the State Criminal Restitutionary Hearing is the minimum nondischargeable amount less payments made pursuant to the State Court's Restitution Order. Any additional nondischargeable amounts shall be determined at a final evidentiary hearing. It is further
ORDERED, ADJUDGED AND DECREED that as to the preclusive effect of the State Court civil Final Judgment in this adversary proceeding, Defendant's Motion for Summary Judgment is denied. It is further
ORDERED, ADJUDGED AND DECREED that the Stipulation for Entry of Final Judgment and civil Final Judgment can not be used as an accord and satisfaction without prejudice to Defendant to seek enforcement of the Stipulation as otherwise binding on the Plaintiff. It is further
ORDERED, ADJUDGED AND DECREED that by separate order, the Court will set a final evidentiary hearing to allow Plaintiff to establish any nondischargeable amounts in excess of that allowed herein under Section 523(a)(4).
DONE AND ORDERED.
NOTES
[1] Fla.Stat. § 812.014 defines theft as

(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property of a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto . . .
(2)(b) If the property stolen is valued at $20,000 or more, but less than $100,000, the offender is guilty of grand theft in the second degree, punishable as a felony of the second degree, as provided in ss. 775.082, 775.083, and 775.084.
[2] Fla.Stat. 812.014 (1989), the omnibus theft statute, incorporates into its terms the former separate offenses of stealing, larceny, purloining, abstracting, embezzlement, misapplication, misappropriation, conversion, and obtaining money or property by false pretenses, fraud, or deception. Id. See, Fla.Stat. § 812.012(2)(d)1; State v. Mischler, 488 So.2d 523, 525 (Fla.1986), citing, Martin v. State, 379 So.2d 179 (Fla. 1st DCA 1980). By pleading guilty to grand theft in the second degree, Defendant pled guilty to all the separate offenses listed above including each element of the offense. United States v. Boll (In re Boll), 82 B.R. 107, 109 (Bankr.N.D. 1987) citing, United States v. Twenty Thousand Seven Hundred Fifty-Seven Dollars and Eighty-Three Cents ($20,757.83) Canadian Currency, 769 F.2d 479 (8th Cir.1985).
[3] "[O]ffensive use of collateral estoppel occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party. Defensive use occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 649 n. 4, 58 L.Ed.2d 552 (1979).
[4] In Florida, embezzlement is defined as "the fraudulent appropriation of another's property by a person to whom it had been entrusted." Merckle v. State, 529 So.2d 269, 273 (Fla.1988). Embezzlement, pursuant to Section 523(a)(4), is defined as "the fraudulent appropriation of property by a person to whom such property has been intrusted or into whose hands it has lawfully come." Gillespi v. Jenkins (In re Jenkins), 110 B.R. 74, 76 (Bankr.M.D.Fla.1990), citing, Gribble v. Carlton (In re Carlton), 26 B.R. 202, 205 (Bankr.M.D.Tenn.1982) citing, Moore v. United States, 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1895).