FERGUSON, Circuit Judge:
 

 This is an appeal by a debtor, Richard Comer, arising from the judgment of the bankruptcy court. The bankruptcy court determined that a judgment debt which Elaine Comer, Richard Comer’s former wife, had obtained in the state courts was nondischargeable, pursuant to 11 U.S.C. § 523(a)(5),
 
 [1]
 
 and excluded Richard’s evidence attacking the validity and extent of his obligation to Elaine as irrelevant to its determination of dischargeability. We affirm.
 

 FACTS
 

 Richard Comer and Elaine Comer are former husband and wife. In 1967, while residents of New York, they executed a marital separation agreement calling for weekly alimony and child support. In 1973, Richard Comer, having moved to California, obtained an interlocutory judgment of dissolution of the marriage in the Superior Court of San Bernardino County, California. In 1979, Elaine sued Richard in the New York State Supreme Court for breach of the original marital separation agreement executed in 1967. Richard was duly served in the action but failed to appear, and Elaine obtained a default judgment. About two months later, Elaine obtained a sister state money judgment in the Superior Court of Santa Clara County, California based upon the New York default judgment. Richard moved to vacate the sister state judgment on various grounds, including his contention that: (1) the New York Supreme Court lacked jurisdiction; (2) the default judgment was obtained through fraud; (3) the New York court failed to credit him for amounts paid; and (4) the California interlocutory order of dissolution of marriage was
 
 res judicata.
 

 In 1980 the California Superior Court denied Richard’s motion to vacate the judgment and specifically found that the New York court had jurisdiction over him and that Elaine had properly obtained the New York default judgment. That decision has not been appealed.
 

 In 1981, about two months after Richard filed his Chapter 7 bankruptcy petition, Elaine filed a complaint to determine the dischargeability of the judgment debt and to terminate the stay of execution in the bankruptcy proceedings. Richard tried to introduce evidence attacking the validity and extent of his obligation to Elaine, including much of the same evidence he had previously offered in his motion to vacate the sister state judgment. The bankruptcy court held that the judgment debt was non-dischargeable and that Richard’s evidence was inadmissible as irrelevant to the bankruptcy proceedings.
 

 Subsequently, Richard moved to amend the judgment of the bankruptcy court and the findings of fact therein. He presented much the same evidence as he had earlier offered to attack the validity and extent of his obligation to Elaine, and admitted that he owed her about $8,000 in spousal and child support. The bankruptcy court denied Richard’s motion to amend.
 

 Richard appealed to the United States Bankruptcy Appellate Panel of the Ninth Circuit, 27 B.R. 1018. In its opinion, which affirmed the bankruptcy court, the bankruptcy appellate panel noted that each of the issues that Richard argued should invalidate the New York default judgment had been properly raised in his motion to vacate the California sister state judgment. That panel concluded that the California Superi- or Court had determined those questions adversely to Richard and, inasmuch as he did not appeal that judgment, it must be taken as final.
 

 
 *739
 
 On appeal before this court, Richard contends that the bankruptcy court erred in not admitting his evidence and in not looking behind the default judgment to determine the actual amount of his obligation to Elaine.
 

 STANDARD OF REVIEW
 

 This court, as an appellate court, is in as good a position as the bankruptcy appellate panel to review the findings of the bankruptcy court. In re
 
 Mistura, Inc.,
 
 705 F.2d 1496, 1497 (9th Cir.1983). Accordingly, this court reviews the bankruptcy court’s findings of fact by the clearly erroneous standard.
 
 Id.
 
 The bankruptcy court’s conclusions of law are subject to
 
 de novo
 
 review.
 
 In re Bialac,
 
 712 F.2d 426, 429 (9th Cir.1983).
 

 ANALYSIS
 

 Bankruptcy courts recognize and apply the basic principles of
 
 res judicata
 
 in determining the effect to be given in bankruptcy proceedings to judgments rendered in other forums. IB J. Moore, J. Lucas, and T. Currier,
 
 Moore’s Federal Practice
 
 ¶ 0.419 (3.-6), at 672 (2d ed. 1983). Richard argues that this case falls within the exception to this general rule created by the Supreme Court’s decision in
 
 Brown v. Felsen,
 
 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) and this court’s decision in
 
 In re Houtman,
 
 568 F.2d 651 (9th Cir.1978). Therefore, Richard argues that the principle of
 
 res judicata
 
 should not have barred the bankruptcy court from looking behind the default judgment to determine the actual amount of his obligation, and that the bankruptcy judge erred when he determined that Richard’s evidence was irrelevant to the determination of dischargeability.
 

 The issue before the Supreme Court in
 
 Brown v. Felsen, supra,
 
 was whether a bankruptcy court could consider evidence extrinsic to the judgment and record of a prior state collection suit when determining whether a debt previously reduced to judgment was dischargeable under 11 U.S.C. § 35, the predecessor to 11 U.S.C. § 523. The state court suit was settled by a stipulation, and neither the stipulation nor the resulting judgment indicated the cause of action on which the bankrupt’s liability was based. Brown sought to establish that Fel-sen’s judgment debt to him was nondis-chargeable since the debt was allegedly the product of the bankrupt’s fraud, deceit, and malicious conversion and so came within the discharge provisions of the Bankruptcy Act. The bankrupt argued that the prior state court proceeding did not result in a finding of fraud, and contended that
 
 res judicata
 
 barred relitigation of the nature of his debt to Brown.
 

 The Supreme Court refused to allow the principle of
 
 res judicata
 
 to bar the bankruptcy court from looking beyond the state court judgment to determine whether the debt came within one of the exceptions to discharge. The
 
 Brown
 
 Court noted that applying
 
 res judicata
 
 would force a consolidation of claims in the state court which would “undercut a statutory policy of resolving § 17 questions in bankruptcy court, and would force state courts to decide these questions at a stage when they are not directly in issue and neither party has a full incentive to litigate them.”
 
 Brown,
 
 442 U.S. at 134, 99 S.Ct. at 2211.
 
 [2]
 
 The Court held that in such circumstances “neither the interests served by res judicata, the process of orderly adjudication in state courts, nor the policies of the Bankruptcy Act would be well served by foreclosing petitioner from submitting additional evidence to prove his case.”
 
 Brown,
 
 442 U.S. at 132, 99 S.Ct. at 2210.
 

 Prior to the Supreme Court’s decision in
 
 Brown,
 
 this court determined that the exclusive jurisdiction of the bankruptcy court precluded the bankruptcy judge from relying exclusively on prior state court proceedings when determining dischargeability.
 
 In re Houtman,
 
 568 F.2d 651 (9th Cir.1978). In
 
 Houtman,
 
 the judgment creditors of the bankrupts were awarded both compensato
 
 *740
 
 ry and punitive damages by a state court on a complaint alleging fraud and misrepresentation resulting from a three-party real estate transaction. 568 F.2d at 652-53. The bankrupts claimed that the bankruptcy judge improperly gave conclusive weight to the state court proceedings and refrained from exercising his exclusive jurisdiction to determine the dischargeability of thg debt.
 
 Id.
 
 at 653. Based on the 1970 Amendments to the Bankruptcy Act, which imposed exclusive jurisdiction upon the bankruptcy courts to determine dischargeability, this court noted that, “[w]ere we to accept the view that the bankruptcy judge considered himself compelled by the state court documents presented to him to find the debt not dischargeable we would agree that the district court’s order would have to be reversed.”
 
 Id.
 

 The main concern of both the Supreme Court in
 
 Brown
 
 and of this court in
 
 Houtman
 
 was to preserve the exclusive jurisdiction of the bankruptcy court to determine dischargeability.
 
 Res judicata
 
 should not be applied to bar a claim by a party in bankruptcy proceedings, nor should a bankruptcy judge rely solely on state court judgments when determining the nature of a debt for purposes of dischargeability, if doing so would prohibit the bankruptcy court from exercising its exclusive jurisdiction to determine dischargeability. In the present case, applying
 
 res judicata
 
 to bar the bankruptcy court from looking behind the default judgment to determine the actual amount of the obligation would not preclude the exercise of the bankruptcy court’s exclusive jurisdiction to determine the nature of the subject debt for purposes of dischargeability.
 

 The evidence Richard sought to have admitted attacked the
 
 extent
 
 of his obligation to Elaine, not the
 
 nature
 
 of that debt, and was thus irrelevant to the bankruptcy court’s determination of dischargeability. Richard conceded that the
 
 nature
 
 of the debt is one of child and spousal support, and the bankruptcy court determined that the debt arose in connection with a separation agreement. Such a debt clearly falls within an exception to discharge. 11 U.S.C. § 523(a)(5). Richard had offered the same evidence before the California Superior Court to attack the extent of his obligation, and that court decided the issues which that evidence raised adversely to him. Since Richard never appealed the decision of that court, it must be taken as final. See 4 B. Witkin,
 
 California Procedure,
 
 § 163, p. 3307 (2d ed. 1971).
 

 Applying
 
 res judicata
 
 to bar Richard’s evidence does not fall within the
 
 Brown
 
 exception barring the application of
 
 res ju-dicata,
 
 since that evidence had no relevancy to the bankruptcy court’s determination of the nature of the debt. Failing to apply
 
 res judicata
 
 under these circumstances would allow a bankrupt who has had full incentive to litigate, and who has fully litigated, an issue in state court — an issue which has no relevancy to the nature of a debt for purposes of dischargeability — to have that same issue relitigated in the bankruptcy courts. The application of
 
 res judicata
 
 in a case such as this would not hinder the bankruptcy judge from determining discharge-ability, but instead would stimulate vexatious litigation. The bankruptcy judge properly refused to admit Richard’s evidence attacking the extent of his obligation to Elaine because it was irrelevant to his determination of dischargeability, and because
 
 res judicata
 
 barred the bankruptcy court from looking behind the default judgment to determine the actual amount of the obligation.
 

 The bankruptcy court is AFFIRMED.
 

 [1]
 

 . 11 U.S.C. §'523(a)(5) provides, in part, that an individual is not discharged from any debt: to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, divorce decree, or property settlement agreement ....
 

 [2]
 

 . Discharge provisions substantially similar to section 17 of the Bankruptcy Act appear in section 523 of the new law. 11 U.S.C. § 523.