46 B.R. 489 (1984)
In re Ronald A. DiNOTO, Debtor.
Roger HARDACRE and Jane M. Hardacre, Plaintiffs-Appellants,
v.
Ronald A. DiNOTO, Defendant-Appellee.
BAP No. CC-82-1026-AbVG, Adv. No. SA81-0492 PE.
United States Bankruptcy Appellate Panels of the Ninth Circuit.
Submitted October 3, 1983.
Decided May 24, 1984.
*490 Roger Hardacre and Jane M. Hardacre, pro se.
Law Offices of Hugo Wm. Anderson, Jr., Santa Ana, Cal., for plaintiffs-appellants.
Thomas E. Wood, Santa Ana, Cal., for defendant-appellee.
Before ABRAHAMS, VOLINN and GEORGE, Bankruptcy Judges.
ABRAHAMS, Bankruptcy Judge.
This is an appeal from a judgment that the debtor's obligation on a stipulated judgment debt is dischargeable. We affirm.
The plaintiffs sold the debtor a business, Tax Control Bureau, Inc. The debtor pledged all of the stock of the business to the plaintiffs as security for the sale price. When the debtor failed to pay the purchase price as agreed, the plaintiffs sued in the state court, alleging five causes of action. The case was settled before trial by a stipulation providing that a judgment would be entered pursuant to the fourth cause of action and that $20,000 would represent damages.
In the present proceeding to determine dischargeability, the issue before the trial court was whether that judgment debt should be excepted from discharge under 11 U.S.C. section 523(a)(2), (4) or (6). The plaintiffs argued that the fourth cause of action constituted an action for fraud and for defalcation while acting in a fiduciary capacity. They further argued that the doctrine of res judicata applied. It is unclear from the transcript what the debtor's position on the res judicata issue was, but the court stated at the hearing that res judicata was not applicable to this type of dischargeability proceeding. The parties submitted the case on the question whether the judgment was res judicata, and the court allowed the parties to file additional authorities.
In rendering its decision, the court examined the stipulation for judgment as well as the fourth cause of action as alleged in the superior court complaint. It found, based on its reading of the complaint, that:
at the time the defendant transferred the assets and customer goodwill of Tax Control Bureau, Inc. to another company, Tax Control Bureau, Inc. had a negative net worth. In other words, the capital stock that was pledged to plaintiffs to secure the purchase price was worthless.
The court then concluded that because the stock was worthless the plaintiffs had not *491 shown that they had been damaged and the plaintiffs had therefore failed to prove a necessary element of their complaint. The court thus ignored the state court judgment and the parties' earlier stipulation that there was $20,000 in damages.

DISCUSSION
The appellants argue here that the trial judge was precluded from reexamining the issue of damages. They base their position on California state law holding that a stipulation for judgment, as any other judgment, is conclusive and that the principle of res judicata applies under Avery v. Avery, 10 Cal.App.3d 525, 89 Cal.Rptr. 195, 196 (1970).
The Rule in this circuit has been to the contrary. Where the bankruptcy court has exclusive jurisdiction in actions to determine dischargeability, state judgments are not res judicata and do not have collateral estoppel effect because of the bankruptcy court's exclusive jurisdiction. Matter of Kasler, 611 F.2d 308 (9th Cir. 1979), citing In re Houtman, 568 F.2d 651 (9th Cir.1978). See, Bankruptcy Act of 1898, as amended § 17(c)(2) and 11 U.S.C. § 523(c). We believe this rule must apply to stipulated judgments as well as those that result from a trial.
If both parties had rested their cases in the bankruptcy court on the earlier judgment, the bankruptcy court could treat issues as collaterally estopped. Matter of Kasler, supra at 310. In the instant case, however, there is no showing that the debtor chose to rest his case on the prior judgment. Although in one instance the debtor seemed to rely on res judicata, later, the debtor refused to stipulate to submitting the case on the basis of the earlier judgment. Instead, he asked to go forward with an evidentiary hearing.
In a recent decision, the Ninth Circuit has held that a state court determination of the amount of liability can be binding in a dischargeability action. In re Comer, 723 F.2d 737 (9th Cir.1984). Comer involved state spousal and child support judgments. The circuit court reasoned that the Houtman and Kasler rule of exclusive jurisdiction was only necessary as to the nature of the debt and not its extent. The court also held that the policy of the Supreme Court decision in Brown v. Felsen, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), would not be violated by giving res judicata effect to only the amount of an earlier judgment.
We hold that this reasoning of Comer is not applicable to our case for two reasons. First, in Comer the court was concerned with a litigant "who has had full incentive to litigate, and who has fully litigated, an issue in state court." 723 F.2d at 740. This reasoning assumes that the issues as to damages would be identical under both the state law and dischargeability law. The issues as to the amount would surely be identical in support cases. In cases such as fraud, however, the issues may differ drastically. State law may allow a different measure of damages from section 523(a); e.g., state law may allow benefit of bargain damages in some instances. See 4 Witkin, Summary of California Law (8th ed.) §§ 908, 908A. A different quantum of proof may be required under state law, e.g., compare Liodas v. Sahadi, 19 Cal.3d 278, 137 Cal.Rptr. 635, 562 P.2d 316 (1977) with Love v. Menick, 341 F.2d 680 (9th Cir.1956). The state law of "fraud" may be less demanding than section 523(a)(2) (e.g., Wright v. Lubinko, 515 F.2d 260 (9th Cir., 1975)), so that a lesser amount of damages would be appropriate for the more restricted liability recognized by section 523(a).
A second reason for distinguishing Comer is that the fact of damage or injury is an essential element of liability in fraud and other tort cases. It is not merely a measure of the extent of liability as in support obligations.[1]
*492 We therefore hold that neither res judicata nor collateral estoppel applied to the instant case and that the bankruptcy judge was free to make his own determinations on the facts and issues relevant to dischargeability. The judgment is hereby AFFIRMED.
NOTES
[1] There is also a third possible basis for distinguishing Comer. That case assumes that bankruptcy courts have exclusive jurisdiction to determine the family support exception to discharge of 11 U.S.C. section 523(a)(5). Apparently, counsel had failed to advise the court of the generally recognized view that state courts have concurrent jurisdiction with bankruptcy courts over that type of dischargeability proceeding. 3 Collier on Bankruptcy (15th ed.1983) ¶ 523.15[6]; compare 28 U.S.C. § 1471(b) with 11 U.S.C. § 523(c). If this view is correct, the Houtman-Kasler rule does not apply to family support obligations and there can be collateral estoppel or res judicata on all issues. Because there is exclusive jurisdiction for the section 523(a)(2), (4) and (6) exceptions concerned in the instant case, the Houtman-Kasler rule would govern the issues in our case.