**In re UITERWYK CORPORATION, Debtor.**

**Bankruptcy No. 83–0166–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 20, 1989.

Don Stichter, Stichter & Riedel, Tampa, Fla., for debtor.

Jeffrey W. Warren, Bush Ross Gardner Warren & Rudy, P.A., Tampa, Fla., Andrew C. Kassner, Drinker Biddle & Reath, Philadelphia, Pa., for Francis Monaghan and Andrea Monaghan.

Zala L. Forizs, St. Petersburg, Fla., for Creditors Committee.

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY,
Chief Judge.

THIS is a Chapter 11 case and the matter under consideration is an Objection by Ui-terwyk Corporation (Debtor) to the claims of Francis Joseph Monaghan and his wife, Andrea Monaghan (Claimants). The matter is raised by cross-Motions for Summary Judgment filed both by the claimants and the Debtor. The parties agree there are no material issues of fact which are in dispute, and, therefore, each claim that they are entitled to a judgment as a matter of law. The following undisputed facts were established at the duly scheduled final evidentiary hearing.

The record in this case reveals that on January 27, 1983, the Debtor filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. On or about March 11, 1983, the Debtor filed its Statement of Affairs and Schedules with the Court. Claimants were not listed as creditors by the Debtor. On May 31, 1988, Francis Joseph Monaghan (Monaghan) filed a proof of claim in the amount of $840,-698.00. Andrea Monaghan, his wife, filed a proof of claim in the amount of $28,000.00. These claims arise from an injury allegedly sustained by Monaghan on board a vessel owned by the Debtor known as the "Johanna U". At the time of the incident, the ship was under time charter from Uiterwyk Lines, Ltd., to Uiterwyk Lines West Africa. Monaghan was employed by an independent stevedoring company, Northern Shipping Co., Inc. In January of 1982, claimants filed an action styled, "Francis Joseph Monaghan, Jr., and Andrea Marian Monaghan v. Uiterwyk Lines, Ltd., and Uiterwyk Corporation" in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 82–168. The lawsuit was still pending when the Chapter 11 case was filed.

On or about November 9, 1984, Monaghan filed a Motion for Relief from Stay in this Court. Attached to the Debtor's Motion for Summary Judgment is an affidavit by Robert Uiterwyk, which states that the Debtor did not oppose limited relief from the automatic stay based upon its understanding that the estate was to incur no liability and that Monaghan's recourse was to be limited to insurance proceeds only.

On December 21, 1984, this Court entered an Order permitting Monaghan to proceed with his personal injury action that had been pending in the United States District Court for the Eastern District of Pennsylvania on the condition that (a) Monaghan was to seek recovery only from the proceeds of any valid insurance policy; (b) the Debtor was to be only a nominal party in the District Court suit; and (c) the Debtor was not to be obligated for any cost of defending the suit. Notwithstanding, on January 29, 1985, an amended Order on Motion for Relief from Stay was entered by this Court without further notice of hearing or further hearing. This Order contained an additional paragraph from the original Order apparently allowing Monaghan to file a general unsecured claim in the bankruptcy case for any deficiency. Ultimately, the insurance company declined to defend the lawsuits and the law firm that had been engaged to represent the insurance company withdrew from the case. Consequently, Monaghan obtained a judgment by default against the Debtor as to liability and the court received Monaghan's evidence and testimony on the issue of damages.

On April 10, 1985, the District Court's Memorandum and Order were issued. This Order recited the following language:

> The bankruptcy court subsequently permitted plaintiffs to proceed with this action so long as the debtor incurred no expense and recovery was sought only under available insurance coverage.

Attached to the Monaghan's Motion for Summary Judgment is an Affidavit of Herbert M. Berkowitz dated September 26, 1989 (Exh. B), as well as a letter of Herbert Berkowitz dated January 8, 1985 (Exh. C), whereby Mr. Berkowitz states that the bankruptcy court ruled that the Monaghans would be allowed to file a general unsecured claim on liquidation of their claims in the Pennsylvania action and that the original Order for Relief, as entered, erroneously provided that the claimants were not entitled to satisfy the judgment from property of the Debtor's estate, and that it was due to this error that resulted in a letter being sent dated January 14, 1985,

requesting that an amended order be entered. The amended order which is attached to the Monaghan's Motion for Summary Judgment as Exhibit E was entered by this Court on or about January 29, 1985, and states in Paragraph 2(a)

> Francis J. Monaghan, Jr., shall be permitted to seek recovery only from the proceeds of any valid insurance policy, and shall not be entitled to satisfy any judgment obtained from property of the estate, *except as creditor of the estate.* (Emphasis added)

Monaghan alleges that the Amended Order authorizes him to assert an unsecured claim against the Debtor in its Chapter 11 case. Basically, these are the facts upon which the Debtor seeks summary judgment in his favor that his objection to the claim should be sustained and the claim of both Mr. and Mrs. Monaghan should be disallowed. It should be noted that Monaghan's wife, Andrea Monaghan, who filed a claim which the Debtor has objected to, never obtained any relief from the automatic stay and, therefore, her claim, Claim No. 1006, should be disallowed at the outset.

The question before this Court is really one of whether or not the Debtor was misled in believing that Monaghan would have no recourse against it and, therefore, failed to defend the lawsuit in District Court. Monaghan asserts that the doctrine of collateral estoppel should apply to preclude this Court from considering the matter under consideration. However, this Court is satisfied that in order for collateral estoppel to apply, the issue must have been actually litigated in a prior proceeding. *In re Daniels,* 91 B.R. 981 (Bkrtcy.M.D.Fla.1988). Where judgments are procured by default and the issues were not actually litigated, the court is not bound by the prior decision. *In re Goodman,* 25 B.R. 932 (Bkrtcy.N.D.Ill.1982). It is especially appropriate that default judgments do not give rise to any collateral estoppel effect where the debtor had no incentive to litigate. *In re Dinoto,* 46 B.R. 489 (9th Cir.BAP 1984). Therefore, collateral estop-

pel does not bar this Court from determining the matter under consideration.

 This Court is satisfied after a review of the transcript of the hearing on December 3, 1984, on the Motion for Relief from Stay that this Court never intended that the Claimants would be entitled to assert any claim against this Debtor in this Chapter 11 case. Although the last few sentences at the hearing could have been clearer, the Court emphasized throughout the hearing that recovery would be limited to the available insurance proceeds only.

Based on the foregoing, this Court is satisfied that the Debtor's Motion for Summary Judgment should be granted and the Objection to Claim Nos. 1006 and 1007 filed by Andrea Monaghan and Francis Joseph Monaghan, respectively, should be sustained, and the claims should be disallowed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Motion for Summary Judgment be, and the same is hereby, granted, and the Objection to Claim Nos. 1006 and 1007 filed by Andrea Monaghan and Francis Joseph Monaghan, respectively, be, and the same is hereby, sustained, and the claims be, and the same are hereby, disallowed. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment filed by the Claimants be, and the same is hereby, denied.

A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.