**Robert ENEA, et al., Appellants,**

v.

**COLDWELL BANKER/DEL MONTE REALTY, Respondent.**

**No. C–98–20585–JW.**

United States District Court,
N.D. California,
San Jose Division.

Oct. 9, 1998.

Bradley A. Bening, Willoughby, Stuart & Bening, San Jose, CA, for Appellants.

Neil L. Shapiro, Landels, Ripley & Diamond, San Francisco, CA, for Respondent.

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDER

WARE, District Judge.

### I. INTRODUCTION

Appellants Robert Enea and Elizabeth Enea appeal an order of Bankruptcy Judge Marilyn Morgan, which denied them a portion of a real estate commission. The appeal raises issues regarding whether in a commercial real estate transaction a listing broker is required to split a commission with the broker for a buyer exercising a right of first refusal in the absence of an agreement to that effect. For reasons set forth in this order, the Court affirms the bankruptcy court's ruling that under the circumstances

of this case the listing broker is not required to split its commission.

## II. BACKGROUND

This case involves the sale of the Lighthouse Cinema Building ("the property") in Pacific Grove. The property originally belonged to John Enea ("Debtor"), who in 1997 sought protection from the bankruptcy court to prevent foreclosure. Debtor decided to sell the property and entered into a listing agreement with Coldwell Banker/Del Monte Realty ("Coldwell Banker"). Rick Kennifer, an agent with Coldwell Banker represented the Debtor. The Enea Family Trust held a right of first refusal to acquire the property. The widow of the Debtor's late brother, Elizabeth Enea, is the trustee of the Enea Family Trust.

Debtor and his wife entered into the listing agreement at issue on August 8, 1997. The agreement provided that Debtor and his wife would pay Coldwell Banker a 6% commission on the sale price of the property. The agreement further provided that the commission would be earned if Coldwell Banker, the seller, a cooperating broker, or any other person who produces a buyer who "offers to purchase the property ... on any price and terms acceptable to the seller during the Listing period." The agreement also authorized Coldwell Banker "to cooperate with other brokers, and divide with other brokers the above compensation in any manner acceptable to" it.

Saundra Meyrose, also an agent of Coldwell Banker, found a willing buyer for the property. On August 12, 1997, Ms. Meyrose presented an offer by J. Ward Phillips to Debtor and his wife. The offer was accepted on August 17, 1997. The sale agreement, like the listing agreement, provided that Coldwell Banker would receive 6% of the $1,700,000 purchase price of the property.

On August 27, 1997, Debtor filed a motion in the bankruptcy court seeking approval of the sale. On September 4, 1997, the parties appeared before the bankruptcy court for a hearing on the motion. At the hearing, the Enea Family Trust, through Robert Enea, exercised its right of first refusal and sought to assume the contractual position of buyer J.

Ward Phillips. The bankruptcy court approved the sale agreement and allowed the Trust to adopt the agreement in place of Mr. Phillips. However, the court reserved and held the 6% commission because both Coldwell Banker and Robert Enea claimed the 3% commission Ms. Meyrose was to receive as the agent for Mr. Phillips.

On February 4, 1998, Coldwell Banker filed a motion for release of real estate commission, requesting that the bankruptcy court release the 6% commission. On February 6, 1998, Robert Enea and Elizabeth Enea filed a motion for payment of real estate commission. On April 8, 1998, Judge Morgan issued an order granting Coldwell Banker's motion and denying the Enemas' motion.

On July 6, 1998, the Eneas filed an appeal of Judge Morgan's April 8th order. Robert Enea argues that he is entitled to share one-half of the $102,000 commission awarded to Coldwell Banker because he performed essential services in representing the actual buyer.

## III. LEGAL STANDARD

Rule 8013 of the Federal Rules of Bankruptcy provides that the district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." The factual determinations of the bankruptcy court are subject to the clearly erroneous standard, while its conclusions of law are subject to de novo review. *In re Comer*, 723 F.2d 737, 739 (9th Cir.1984).

## IV. DISCUSSION

A. Commission Pursuant to Contract

In determining whether a broker is entitled to a commission the Court must look to the express provisions of the listing agreement: " 'Any right to compensation asserted by a real estate broker must arise from the four corners of the employment contract, which is strictly enforced according to its lawful terms.' " *Colbaugh v. Hartline*, 29 Cal.App.4th 1516, 1524, 35 Cal.Rptr.2d 213 (1994) (quoting *Howard Gitlen & Associates, Inc. v. Ameri*, 208 Cal.App.3d 90, 95, 256 Cal.Rptr. 36 (1989)); *See also Blank v. Bor-*

*den*, 11 Cal.3d 963, 969, 115 Cal.Rptr. 31, 524 P.2d 127 (1974). Citing Miller & Starr, the court in *Colbaugh* also noted that: " 'When the cooperating broker is the procuring cause of the sale, his recovery from the listing broker is limited to the terms of the cooperation agreement.' " *Colbaugh*, 29 Cal.App.4th at 1523, 35 Cal.Rptr.2d 213 (quoting 1 Miller & Starr, Cal. Real Estate § 2:30, p. 623–624 (2d ed.1989)). Thus, a buyer's broker is entitled to a percentage of the commission earned by a seller's broker only if the listing agreement expressly provides for such an arrangement.

In the case at bar, the sales agreement provides that "[s]eller agrees to pay compensation for services as follows: Six percent of purchase price to Coldwell Banker/Del Monte Realty." The listing agreement reiterates the latter provision. Both agreements simply and unambiguously identify Coldwell Banker as the sole beneficiary of the 6% commission. Thus, based upon the four corners of the agreements, Robert Enea is not entitled to share in the commission. To hold otherwise would contradict an established principle in California real estate law.

### B. Right of First Refusal

Mr. Enea argues that reliance on the general rule is inappropriate in the case at bar. He contends that the presence of the right of first refusal in the transaction renders the case exceptional and the rule in *Colbaugh* inapplicable.

Relying on *Arden Group, Inc. v. Burk*, 45 Cal.App.4th 1409, 53 Cal.Rptr.2d 492 (1996), Mr. Enea asserts that instead of looking to the four corners of the contract, the court must consider industry custom and parol evidence. In *Arden* the court stated that "[b]ecause the party exercising a right of first refusal is stepping into a contract made by a third party, the court must consider commercial realities and allow modifications consistent with the intent of the parties whose contract created their right of first refusal." *Id.* at 1414, 53 Cal.Rptr.2d 492 (quoting *C. Robert Nattress & Associates v. CIDCO*, 184 Cal.App.3d 55, 72, 229 Cal.Rptr. 33 (1986)).

Mr. Enea claims the commercial reality is that a broker who represents a buyer in a transaction subject to a right of first refusal is not entitled to receive a commission if the right of first refusal is exercised. Rather, the broker who represents the actual buyer is entitled to the commission. However, he fails to cite any evidence or authority that supports his position.[1] Thus, the Court is compelled to return to the four corners of the agreement.

All of the parties, including Coldwell Banker, were aware of the right of first refusal. Accordingly, if Coldwell Banker was inclined to share its commission with the actual purchaser's broker, such a provision could have been negotiated and expressly included in the agreement. Reliance on unsubstantiated "commercial realities" to determine the intent of the parties is unnecessary. The express terms of the agreement establish that the intent of the parties was that Coldwell Banker alone was entitled to the commission.

■ Mr. Enea further argues that the intent of the parties to divide the 6% is evident from clauses in earlier offers which expressly provided for a split in commission between the buyer's and seller's brokers. Reliance on parol evidence is only appropriate for determining the intent of parties with respect to an ambiguous contractual term. *Parsons v. Bristol*, 62 Cal.2d 861, 865, 44 Cal.Rptr. 767, 402 P.2d 839 (1965). Mr. Enea has failed to demonstrate such ambiguity, thus the earlier documents are irrelevant. As discussed above, both agreements explicitly entitle Coldwell Banker to the 6% commission. The transaction at issue involves sophisticated parties who were capable of contracting for a split in commission. Absent such a provision, the Court must rely on the express

---

1. Mr. Enea cites *C. Robert Nattress & Associates v. CIDCO*, 184 Cal.App.3d 55, 229 Cal.Rptr. 33 (1986) and *Arden Group, Inc. v. Burk*, 45 Cal. App.4th 1409, 53 Cal.Rptr.2d 492 (1996) for the proposition that an actual buyer exercising the right of first refusal steps into the shoes of the original buyer, thus accepting the sales agreement on the same terms and conditions. However, these cases do not hold that absent an express provision for commission splitting, the actual buyer's broker is entitled to step into the shoes of the original buyer's broker with respect to the commission arrangement.

terms of the agreements and affirm the bankruptcy court's ruling denying Mr. Enea a percentage of the commission.

### C. Ms. Meyrose's Compensation

Mr. Enea also objects to the bankruptcy court's finding during the March 6, 1998 hearing that Ms. Meyrose was entitled to one-half of the 6% commission.

The bankruptcy court based its finding upon *R.J. Kuhl Corp. v. Sullivan*, 13 Cal. App.4th 1589, 1600, 17 Cal.Rptr.2d 425 (1993). In *Sullivan* the buyer entered into a contract with a broker, agreeing to pay a 6% commission if the broker located a parcel suitable for an auto dealership. After protracted negotiations a third party purchased the property. The buyer then purchased the property from the third party. The court found that the buyer had breached his duty of good faith and fair dealing because he purchased the property from the third party to avoid paying the broker's commission. The court held that "unless the contract provides otherwise, the broker earns his commission upon the principal's entry into a binding contract for a purchase subject to the brokerage contract regardless whether the sale is consummated." *Id.* at 1600, 17 Cal.Rptr.2d 425.

Mr. Enea argues that the bankruptcy court's reliance on *Sullivan* is misplaced because here Ms. Meyrose did not have a contract with Mr. Phillips which entitled her to a commission in the event that the sale was consummated. Rather, Ms. Meyrose was only entitled to a commission under the sales agreement if certain terms were fulfilled. Mr. Enea argues that none of these terms were satisfied since the Trust exercised their right of first refusal, consequently Ms. Meyrose is not entitled to a commission.

■ Reliance on *Sullivan* is unnecessary in determining the propriety of Ms. Meyrose's compensation. The agreements provide that the only party entitled to the 6% commission was Coldwell Banker. The agreements do not entitle specific Coldwell Banker agents, including Mr. Kennifer or Ms. Meyrose, to a portion of the commission. Coldwell Banker lawfully earned the commis-

sion, consequently it enjoys the right to distribute the proceeds among Coldwell Banker agents as it sees fit.

### D. Approval of Employment

The bankruptcy court also denied Mr. Enea's motion on the grounds that he failed to obtain prior approval from the court to serve as a real estate broker as required by *In re Haley*, 950 F.2d 588 (9th Cir.1991). In *Haley*, the Ninth Circuit held that under 11 U.S.C. § 327(a), a real estate broker is entitled to compensation for the sale of a property in the bankruptcy estate only if the broker's employment is approved by the bankruptcy court. *Id.*

■ Mr. Enea contends that *Haley* is inapplicable because there the court was concerned with controlling the expenses of the estate. He argues that such a concern is not present here because he is requesting a share of the commission, not an amount beyond. While there may some factual distinctions, the general rule is quite clear. Under the law of this circuit and the Bankruptcy Code, Mr. Enea was required to obtain court approval as a real estate broker. Thus, his failure to do so warrants additional grounds for affirming the bankruptcy court's ruling.

### V. CONCLUSION

Based upon the foregoing, the Court affirms the bankruptcy court's April 8, 1998 order.