Moise **BORTIS, dba Bortis Construction & Development; Marius Bortis, dba Bortis Construction & Development, Plaintiffs–Appellants,**

**v.**

**David I. BURD; Lih Sheue Gina Burd, husband and wife, and the marital community composed thereof, Defendants–Appellees,**

**and**

**Bankruptcy Appeals, Real– Party–In–Interest.**

No. 00–35753.

D.C. No. CV–00–00258–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2002 *.

Decided Feb. 14, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Appeal from the United States District Court for the Western District of Washington John C. Coughenour, District Judge, Presiding.

Before POLITZ,** CANBY, and KLEINFELD, Circuit Judges.

MEMORANDUM ***

Moise and Marius Bortis appeal the district court's affirmation of the bankruptcy court's dismissal of their action for reim-

bursement in quantum meruit against David and Gina Burd. Appellants complain that the bankruptcy court erred in concluding that they acted as volunteers under Washington law and, therefore, were not entitled to reimbursement. Finding no reversible error we affirm.

Before us is a dispute between adjoining property owners who entered into an agreement to subdivide the property for development into residential lots. Appellants directed construction of a road on the extreme north edge of the property, forcing Appellees either to re-size or reduce the number of their lots. Because of the location of the road Appellees declined to sign the final plat agreement. Appellants responded by suing for reimbursement of expenses under the theory that Appellees were unjustly enriched by the construction of the road. The bankruptcy court found that Appellants acted as volunteers and, therefore, were not entitled to the reimbursement sought. The district court affirmed on identical grounds.

The sole issue presented herein is whether the bankruptcy court erred in determining that Appellants acted as volunteers when they constructed the road. Whether a party is a volunteer for purposes of quasi-contract presents a mixed question of law and fact. We review a district court's findings of fact for clear error,[1] and determinations of law de novo.[2] To prevail on their quasi-contract claim under Washington law, Appellants were required to demonstrate that: (1) they did not act as volunteers in constructing the

---

** Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *In re Comer*, 723 F.2d 737, 739 (9th Cir. 1984).

2. *Id.*

road; and (2) any enrichment to the Appellees would be unjust.[3] Whether a party is a volunteer for quasi-contract purposes must be determined in light of all the surrounding circumstances, including: (1) whether the benefits were conferred at the request of the party benefitted; (2) whether the party benefitted knew of the improvements but stood quietly by and let the other party make the improvements without objecting; and (3) a comparative analysis of the benefits as they fall on each party.[4]

The bankruptcy court found that the road was not positioned within the tract at Appellees' request but, rather, was placed by Appellants totally without Appellees' knowledge. The court further determined that the location furthered Appellants' interests and had no meaningful positive impact on Appellees' property interests. The court's findings are supported by the record. The court appropriately determined that Appellants acted as volunteers under *Ellenburg.*

Accordingly, the district court's judgment is AFFIRMED.

**3.** *Trane Co. v. Randolph Plumbing & Heating,* 44 Wash.App. 438, 442, 722 P.2d 1325 (1986).

**4.** *Ellenburg v. Larson Fruit Co.,* 66 Wash.App. 246, 251–52, 835 P.2d 225 (1992), *rev. denied,* 120 Wash.2d 1011, 841 P.2d 47 (1992).

