MEMORANDUM**
Jeffry D. Bryan (“Debtor”) appeals pro se the Bankruptcy Appellate Panel’s (“BAP”) order affirming the bankruptcy court’s order finding that $104,827.58 of a state court’s judgment in favor of Debtor’s sister, Patricia, is nondischargeable in bankruptcy. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo decisions of the BAP, and we review the bankruptcy court’s conclusions of law de novo and its findings of fact for clear error. In re Summers, 332 F.3d 1240, 1242 (9th Cir.2003). We review discovery rulings for abuse of discretion. Hall v. Norton, 266 F.3d 969, 977 (9th Cir.2001). We affirm.
We reject Debtor’s contention that the bankruptcy court was bound by the special verdict form awarding punitive damages for fraud in determining what portion of the state court judgment was nondischargeable. See 11 U.S.C. § 523(a)(2)(A), (a)(6) (providing for nondischargeability of debts for money or property obtained by fraud or willful and malicious injury); In re Comer, 723 F.2d 737, 740 (9th Cir.1984) (bankruptcy court is not precluded by judgment from exercising its exclusive jurisdiction to determine the nature of debt for purposes of dischargeability).
We agree with the BAP that the bankruptcy court did not abuse its discretion by denying Debtor the opportunity to depose his niece because he did not point to any evidence, other than his own speculation, that his niece could provide information regarding Patricia’s knowledge of facts he allegedly concealed from her. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (court’s decision to deny discovery will be upheld unless the denial results in actual and substantial prejudice).
We agree with the BAP that the bankruptcy court did not clearly err in using *33 the purchase price of the property to measure damages, because the broker’s valuation opinion submitted by Debtor was not dated. See In re Jan Weilert RV, Inc., 315 F.3d 1192, 1196 (9th Cir.), amended by 326 F.3d 1028 (9th Cir.2003) (bankruptcy court’s factual findings will be accepted absent clear mistake).
Debtor’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.