**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: MATTHEW BANKS ASHWORTH, Debtor, | No. 14-60005 BAP No. 12-1591 |
| MATTHEW BANKS ASHWORTH, Appellant, v. KATHRYN EHRGOTT; AMRANE COHEN, Chapter 13 Trustee, Appellees. | MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Dunn, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted February 9, 2016
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Matthew Ashworth filed for bankruptcy in 2011. His ex-wife, Kathryn Ehrgott, filed a priority claim for the remaining balance that Ashworth owed her from the settlement they entered into at the time of their divorce. Ashworth objected to the priority status of the claim. The bankruptcy court found that the settlement was a domestic support obligation and was entitled to priority status. *See* 11 U.S.C. §§ 101(14A), 507(a)(1)(A). Ashworth appealed to the Bankruptcy Appellate Panel, which affirmed the bankruptcy court's decision. Ashworth now appeals to this Court. We have jurisdiction under 28 U.S.C. § 158(d)(1). We affirm.

We review the bankruptcy court's findings of fact for clear error. *Comer v. Comer (In re Comer)*, 723 F.2d 737, 739 (9th Cir. 1984). We review questions of law de novo. *Id.*

The bankruptcy court correctly applied the controlling Ninth Circuit precedent of *Friedkin v. Sternberg (In re Sternberg)*, 85 F.3d 1400, 1405 (9th Cir. 1996), *overruled on other grounds by Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 792 (9th Cir. 1997) (en banc). Ashworth's arguments that *Sternberg* has been superseded, or that this Court should reconsider *Sternberg* en banc, are unconvincing.

Under *Sternberg*, the dispositive factor in determining whether a settlement is a domestic support obligation is the intent of the parties at the time of settlement. *Id.* The "[f]oremost" factor that a court looks at to determine intent is whether the spouse receiving the settlement was in need of support at the time of the divorce. *Id.* In making this assessment, the court should consider the "'imbalance in the relative income'" of the two spouses. *Id.* (quoting *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984)). The court should also consider: (1) whether the settlement is paid directly to the receiving spouse, in installments, over a lengthy period of time; (2) whether the payments terminate on the death or remarriage of the receiving spouse; and (3) the labels the parties themselves attach to the payments. *Id.*

On this record, we cannot hold that the bankruptcy court clearly erred in finding that the parties intended for the settlement to be domestic support. Ehrgott needed support. There was imbalance in the relative incomes of Ehrgott and Ashworth. The other *Sternberg* factors, though mixed, also suggest that the settlement was intended to be support.

**AFFIRMED.**